SKILLMAN *vs.* DOWNS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

In an action of slander, the plea of the general issue and a plea of justification are inconsistent and cannot stand together. But where the cause was tried on these pleas, and the judge in his charge to the jury excluded the first from their consideration, it is sufficient.

Where the plaintiff was ordered by the court to produce his commercial books on the trial, in pursuance of the affidavit of the defendant, setting forth the facts he expected to prove by them, and the former sent his books sealed up with directions to the clerk not to allow them to be opened, the affidavit was permitted to be given in evidence to the jury.

This is an action of slander. The plaintiff alleges that the defendant wickedly and maliciously slandered him, by uttering, publishing and charging him on the 2d of January, 1834, with being guilty, a day or two before he (plaintiff) made a surrender of his property, of *fraud* towards his other creditors, in baling and packing up his goods, and sending them to New-Orleans," meaning thereby that he, plaintiff, in defiance of law and every other obligation, did willfully wrong, cheat and defraud his creditors, &c. He alleges that this charge, publicly made against him by the defendant, is malicious, willful, defamatory and false, by which he is, injured in his reputation and credit with his fellow citizens, and damaged to the amount of fifteen thousand dollars, for which he prays judgment.

EASTERN DIST.
*June,* 1836.

SKILLMAN
*vs.*
DOWNS.

The defendant pleaded a general denial to the charges and allegations in the plaintiff's petition, and that he never did utter the words as charged, at any time. But true it is, he did in court, at December term, 1833, in St. Francisville, as counsel, in arguing the opposition made by certain creditors of the present plaintiff, to the tableau of distribution filed by the syndic, which opposition was then made at the instance of the plaintiff, to prevent the order of the court for the payment of the money in his hands as syndic, as this respondent believed and charged. In giving a history of his, Skillman's conduct, from the time of his becoming insolvent up to that time, this respondent said that he, Skillman, did a short time before his surrender, send off some of his goods to a merchant in New-Orleans, to pay his debt in preference of other creditors, or words to that effect; that he was induced to say this from documents and vouchers, offered in support of the tableau : and from the fact well known to this respondent that he, the said Skillman, within the three months before his surrender, did sell and deliver goods and merchandize to certain of his creditors, and give the notes, &c., and pay the same money, out of the ordinary course of business, &c., for the purpose of giving such creditors a preference over other creditors.

The defendant further avers, that the plaintiff has, from June, 1831, to this time, slandered and defamed him, defendant, in the most false and unjustifiable manner, in consequence of which, certain of his clients were induced to withhold their business from him, &c. He again reiterates the charge of fraud against the plaintiff; denies every allegation in the petition, and prays judgment in his favor and for general relief.

Upon these pleadings and issues, the parties went to trial. The cause was submitted to a jury, who returned a verdict for the defendant ; and from judgment rendered thereon, the plaintiff appealed.

The case comes up to the Supreme Court principally on bills of exception, taken on the trial. The material ones are

fully discussed and stated in the opinion of the court, delivered in the case.

*Bradford*, for the plaintiff.

1. The judgment of the court below should be reversed, because the court refused to strike out parts of defendant's answer, on the motion of plaintiff's counsel.

2. Because the court permitted illegal testimony for defendant, in allowing his affidavit and other documents, &c., to go to the jury, notwithstanding its admission was objected to by plaintiff's counsel.

3. Because under the facts as they appear in evidence, the court permitted, in error, the affidavit of defendant, filed on a call for plaintiff's books, to be read in evidence to the jury.

4. Because the court permitted the evidence to go to the jury, to matters not embraced in the pleadings, on part of defendant, which was objected to by plaintiff's counsel.

5. Because the court rejected legal and proper evidence offered on the part of plaintiff.

6. Because the court refused permission to plaintiff's counsel to submit the form of a verdict to the jury.

7. Because of misbehavior in both the court and jury.

8. Because the court refused to charge the jury as requested by plaintiff's counsel, which charge would have been legal and proper ; but did give an illegal charge to the jury.

*Downs*, in propriâ personâ.

*Mathews, J.* delivered the opinion of the court.

This is an action of slander, in which the plaintiff claims damages in reparation of injury to his character, done on the part of the defendant, by charging him with the commission of acts of fraud against the rights of the mass of his creditors, immediately previous to his insolvency and *cessio bonorum.* The answer to the petition contains a general denial, and also a plea of justification. These pleas seem to have been viewed by the court below as incon-

14

EASTERN DIST.
*June*, 1836.

SKILLMAN
*vs.*
DOWNS.

sistent, and the first was held to be superseded by the second, and the cause was tried on the issue made between the allegations of the petition and plea of justification, in which the defendant was successful before a jury, and judgment being rendered in pursuance of their verdict, the plaintiff appealed.

The case has been argued before this court, solely on bills of exception taken in relation to questions of evidence, and to the charge of the judge *a quo* to the jury.

The record exhibits a great number of them. We shall, however, notice those only on which the plaintiff's counsel relied in his argument.

The first exception, as they were examined by the counsel, relates to the defendant's answer. It appears that the plaintiff required the court to strike out certain parts of it, which was refused. The objections to it were duplicity in pleading the general issue and justification, and also to a plea, apparently in the nature of a reconvention. There is nothing found in these pleas, on which any thing like slander or defamation may be predicated. The two first could not stand together, and the nature of the case did not authorize the last. The first and last were by the instructions of the court, excluded from the consideration of the jury, which in our opinion was all that could be required, as the answer contains nothing slanderous. No expressions are found in it, abusive or defamatory. Impertinencies of this kind are reprobated by the Code of Practice, and when found in an answer, should be stricken out, in order that the records of judicial proceedings may be kept pure and uncontaminated by unnecessary abuse. But it appears to us that no tribunal of justice ought to go farther than this, in expunging irrelevant matter from the pleadings in a cause.

*In an action of slander, the plea of general issue and a plea of justification are inconsistent, and cannot stand together. But where the cause was tried on these pleas, and the judge in his charge to the jury excluded the first from their consideration, it is sufficient.*

The cause was submitted to the jury, as we have already stated, on the issue made up from the petition and plea of justification. On the trial, the counsel of the plaintiff, in his zeal to protect the reputation of his client, opposed every species of evidence offered on the part of the defendant, in support of this plea. From the examination which we

have given to the exceptions taken to the mass of evidence, we are unable to discover any error in the opinion of the judge *a quo*, by which it was admitted. There is, however, one of them that seems to require particular animadversion. It relates to the admission of an affidavit, as testimony to the jury, made by the defendant, for the purpose of procuring an order from the court, to compel the plaintiff to produce his commercial books, &c.

This order was made, and obedience to it was improperly delayed, and finally its effect was evaded, by one of the most extraordinary proceedings, on the part of the plaintiff, ever witnessed in a court of justice. When forced finally to introduce his books, they were brought into court sealed up, with instructions to the clerk, in whose custody they were placed, not to suffer them to be opened by any person. This was considered such an evasion of the order, and mockery of justice, that the affidavit of the defendant in relation to this matter, was permitted to be given in evidence to the jury, in pursuance of the article 140 of the Code of Practice. In this we think the court below did not err.

*Where the plaintiff was ordered by the court to produce his commercial books on the trial, in pursuance of the affidavit of the defendant, setting forth the facts he expected to prove by them, and the former sent his books sealed up, with directions to the clerk not to allow them to be opened, the affidavit was permitted to be given in evidence to the jury.*

The bill of exception to the conduct of the judge and jury, does not, in our opinion, contain matter sufficient to authorize us to remand the cause for a new trial. It appears that the foreman of the jury, after they had retired, came into court, and inquired of the judge, whether the affidavit of the defendant was to be considered as evidence, and received an answer in the affirmative. This was nothing more than a repetition of what had been declared openly to all the jury during trial, resulting evidently from its admission after contest. We are unable to perceive any thing like misbehavior in this occurrence, either by the judge or jury.

In relation to the charge of the judge, it was made in conformity with opinions, which had been drawn from him during the previous part of the trial, and we have already stated, that they do not appear to have been erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.