No. 13,882.

James C. Turnbow vs. T. Rod Wimberly.

## Syllabus.

1.  A general denial and a plea of justification are inconsistent defenses to an action for damages for personal abuse and personal injury, and a motion to compel the defendant to elect between them should be sustained.
2.  Where, in such an action, it appears that the defendant, without other provocation than the failure of the plaintiff to return his salutation, applied to the latter a most opprobrious epithet, assaulted him, and bit his ear, practically, off, damages, both actual and exemplary, will be awarded.

APPEAL from the Eleventh Judicial District, Parish of Red River—*Porter, J.*

*Egan & Scheen,* for Plaintiff, Appellant.

*Wilkinson, Stephens & Carter, Nettles & Teer,* for Defendant, Appellee.

The opinion of the court was delivered by

Monroe, J. The plaintiff in this case claims damages for personal abuse and injury. He alleges that the defendant, without provocation, in the presence of a number of other persons, called him a son of a b—ch, assaulted and beat him, and bit and lacerated his ear in such a manner as permanently to disfigure him. The defense set up is a general denial; and an averment that if the defendant inflicted any injury upon the plaintiff, which is denied, he acted purely in defense of his person and honor, and that the plaintiff was altogether to blame therefor; and there is some other matter in the answer which is wholly irrelevant, was so held by the judge *a quo,* and need not be here considered.

Counsel for plaintiff filed a motion to compel the defendant to elect between the denial and the justification set up, and the motion was overruled. The defenses are inconsistent, and we think the motion should have been sustained. Skillman vs. Downs, 10 La. 103; Miller vs. Roy, 10 Ann. 161.

The evidence shows that the defendant acted as charged in the petition, without other provocation than the failure of the plaintiff to

return his salutation; and there is next to nothing to the contrary. Upon what theory the jury brought in a verdict for the defendant we are unable to conceive.

We are of opinion that the plaintiff is entitled to recover $250 as actual, and $250 as exemplary damages. It is therefore ordered, adjudged and decreed that the verdict and judgment appealed from be annulled, avoided and reversed, and that there now be judgment for the plaintiff, and against defendant in the sum of $500, with costs in both courts.

Rehearing refused.