No. 9122.

## JOHN W. JOHNSTON vs. EDWARD J. BARRETT.

When persons mutually engage in bandying opprobrious epithets, an action of slander for words thus uttered will not be encouraged.

In a suit in damages for trespass, and assault and battery, in which the jury clearly fail to render a proper verdict, the appellate court reviewing the facts will set the verdict aside and render such judgment as the nature of the case and justice may demand.

APPEAL from the Twelfth District Court, Parish of Rapides. Blackman, J.

R. P. Hunter and J. C. Wickliffe for Plaintiff and Appellant.

White & Thornton for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This controversy involves two actions in damages. The first, by the plaintiff, for trespass on his property, assault and battery on his person, and insult to his reputation and feelings. The second, by the defendant, for the use of false and slanderous words spoken publicly to his great mortification by plaintiff.

The jury, nine members agreeing, returned a verdict rejecting plaintiff's demand and allowing two hundred dollars to the defendant on his reconventional demand.

More than twenty witnesses were heard for the purpose of the suit. The testimony is, as usually, conflicting, as it includes that of the litigants, and the case is one in which great acrimony and violent ill feelings between the parties are displayed.

It is not our purpose to analyze the evidence and to show in what respects it accords or disagrees. We deem it sufficient to state the facts we find to be satisfactorily established.

Johnston vs. Barrett.

It appears that on the 17th day of December, 1882, the plaintiff was in the possession of a wagon loaded with cotton in the seed, drawn by oxen and in charge of his driver. The wagon was at the time at a place known as the *Juneau* place and was about to be hauled to a gin a short distance off, there to be ginned.

The defendant laid claim to a lien on the cotton seed for the payment of a paltry sum said to be due him by the party from whom he thought plaintiff had procured the cotton.

The plaintiff was sitting on his mule on the road, near the wagon, and the defendant, in the company of two men, was in a mule wagon, on the same road and at a short distance also.

Words passed between plaintiff and defendant touching their respective title to the cotton, during which both used language highly offensive. Defendant, who was armed with a cocked gun and with a pistol, assaulted plaintiff, a man over seventy years old, punching or pushing him with the gun, getting into the wagon, taking cotton from it, finally pulling plaintiff by his pants and striking him in the face, defying and damning the law, to which plaintiff had said he would appeal for redress.

It appears, on the one hand, that during the course of the difficulty the plaintiff called the defendant various hard names, such as would naturally wound his feelings and mortify him; while on the other hand it is shown that defendant lacked no liberality in applying to plaintiff unkind epithets.

The parties finally separated on terms anything but friendly.

It is manifest that, whatever the pretensions of the defendant were to the cotton seed, he had no authority to assume to take violent possession of it, and to assail and treat plaintiff in the wanton manner which has characterized his acts; and that plaintiff, whose life was put in jeopardy, whose property was imperiled, whose body was struck, whose feelings were injured, has an undoubted right to appeal to the court for redress and is entitled to vindication and indemnity.

In a case much similar to the present, our immediate predecessors took occasion to say, and we repeat with them:

"Such lawlessness must be repressed, must be put down by the strong hand of the law, and wrong-doers must be taught that the way of the transgressor is hard. It is only when the laws are enforced and obeyed, when rights are observed and respected, and when the citizen can feel that he is secure in his person and property so long as he does no wrong to others, that there can be peace, good order and prosperity in the land." Cooper vs. Cappel, 29 A. 213.

As to the reconventional demand on which the jury, by a majority, found for plaintiff therein for $200, it appears that no amendment of the judgment is asked in this Court and that the verdict is a just cause of complaint.

It can well be conceived that under the circumstances of the case, in a moment of fear and in the heat of passion, the plaintiff, who saw himself about to be deprived by violence and force of the possession of cotton which he had good reason to consider as his, may have forgotten himself in the way in which it is claimed he did, by calling his aggressor and spoliator the hard names used on the occasion.

Whatever the names be by which the defendant was called, there is nothing to show that they have affected his standing and reputation, which are well established in the section of the country in which he resides.

Besides, the principle of law applicable to a case like the present one is, that where persons mutually engage in bandying opprobrious epithets, an action of slander is not to be favored for words thus uttered. 13 Pick. 510; 2 Camp. 72; The Bigney case, 36 A. 38.

It is, therefore, ordered and decreed that the judgment appealed from be reversed and the verdict whereon rendered be quashed and set aside. And it is now ordered and adjudged that the plaintiff, John A. Johnson, do have and recover of the defendant, Ed. J. Barrett, the sum of five hundred dollars and that the reconventional demand of the latter against the former be rejected, with costs in both courts.