### No. 11,897.

### LAZAR MIHOJEVICH VS. MRS. R. BODECHTEL.

Slanderous epithets are not always actionable. An exception to the general rule is found in the case of a single woman, eighty years of age, suffering from a real or fancied wrong, who makes use of vile epithets as a means of defence. The damages occasioned thereby are more seeming than real, and the cause of action may be appropriately relegated to the domain of *damnum absque injuria.*

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

----

*W. S. Parkerson* and *L. P. Paquet* for Plaintiff, Appellant.

----

*Samuel L. Gilmore* for Defendant, Appellee.

----

Argued and submitted March 11, 1896.
Opinion handed down March 23, 1896.
Rehearing refused April 6, 1896.

----

The opinion of the court was delivered by

WATKINS, J. The plaintiff claims five thousand dollars damages of the defendant for defamation of character and slander. The cause was tried in the lower court by a jury, who rendered a verdict for-

the defendant, and, after an unavailing effort to obtain a new trial, the plaintiff has prosecuted this appeal.

The plaintiff is the proprietor of an oyster saloon and barroom situated at the corner of Felicity and Dryades streets, in the city of New Orleans, and rents the building in which he prosecutes his business from the defendant, who is a single woman of about the age of eighty years.

Some trouble arose between the two, growing out of their relations of landlady and tenant, with reference to the latter keeping a horse in a stall quite close to the sleeping apartment of the former; and this resulted in an open rupture between the two, and the employment of the harsh, abusive and opprobrious epithets which the defendant employed, and of which plaintiff complains as being slanderous, and injurious to his good name and reputation, and tending to bring him into public comtempt and ridicule.

True it is that such words as " dirty rat " and " thief " and " swindler," " thief " and " rat," are bad enough in their way, and little suited to ears polite; but under all the circumstances surrounding this case we do not feel disposed to give them the significance that is claimed for them by plaintiff's counsel.   On the contrary, we are disposed to regard them as the irate and impulsive utterances of an old woman, whose only means of defence against a fancied or real wrong, which she had suffered at the hands of the plaintiff, was an unruly and mischievous tongue.

In this view of the case we are of opinion that plaintiff's damages are more imaginary than real.

His counsel were frank enough in their aguments before the court, at the submission of the cause—and they were eloquent and persuasive—to make the statement that their client did not demand *smart money*, but a nominal judgment to serve as a vindication of his character.

This statement when taken in connection with our own observations leads us to the conclusion that the affirmance of the judgment would be ample vindication. Bigney vs. Van Benthuysen, 26 An. 38; Goldberg vs. Dobberton, 46 An. 1303; Fulda vs. Caldwell, 9 An. 358; Artieta vs. Artieta, 15 An. 48; Young vs. Bridges, 34 An. 336; Johnston vs. Barrett, 36 An. 320.

Judgment affirmed.