## No. 13,769.

## CHARLES O. DAVID VS. M. AARONSON.

### SYLLABUS.

The testimony makes out a case in which plaintiff and defendant were both at fault. The plaintiff, by connecting himself with an act of extreme violence against the defendant, and the defendant, by afterward charging plaintiff with having committed robbery, a charge not sustained by the testimony.

The jury and the judge considered the act of violence as having provoked the unfounded charge, and treating the two offences together, found a verdict denying plaintiff's demand and a judgment rejecting it.

This court affirms the verdict and judgment.

APPEAL from the Tenth Judicial District, Parish of Concordia—Dagg, J.

*Samuel Lucius Elam* and *J. S. Boatner*, for Plaintiff, Appellant.

*Gustave Lemle,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. From a judgment rejecting his demand for damages in the sum of five thousand dollars, plaintiff prosecutes this appeal.

He alleges, in substance, that defendant wantonly and maliciously charged him with highway robbery; that he was arrested at his home and was compelled to go to Vidalia, the parish seat of Concordia parish, which is situated eighty miles from his home in that parish.

Defendant, in answer to plaintiff's action, pleaded the general denial. He admitted in his answer that he made an affidavit and caused a warrant to be issued and plaintiff to be arrested for having robbed him of one hundred and twenty-five dollars, as charged, but he avers his good faith and denies that he was actuated by malice, and also avers that he acted on probable cause. He also sets up in his answer that plaintiff

and Theodore Aust made a violent, unprovoked, premeditated, and furious assault upon him (while he was in his buggy on his way from his place of business to his home) with a pistol and a large buggy whip; that one held him while the other struck and beat him with the heavy end of the whip and his fists into an insensible condition, and he reiterates that while he was in that condition he was robbed, as before stated.

He also avers in his answer that after he had been beaten he was prevented from going to the magistrate's office and also from continuing on his way home. He sets up, in the nature of a reconventional demand, that by the assault and asserted robbery he has been damaged in the sum of five thousand dollars. Plaintiff filed a motion to strike out the demand, for the reason that both parties are residents of the parish, and the demand is not connected with, nor does it grow out of the cause of action set forth in plaintiff's petition. This motion was sustained and the reconventional demand dismissed. After this motion had been filed, defendant amended his answer by alleging that after the case had been called for trial the plaintiff and Aust had been found guilty of assault and battery upon him. The salient facts of the case, as developed by the record of evidence, are: Aaronson, the defendant, was the owner of two stores, one about half a mile from the mouth of Black river, and the other about ten miles above, at New Era. He left his New Era store at daybreak to return to his home near Black river. On his return he usually took cash with him, the amount of the week's cash sales. Opposite plaintiff's home he was accosted by plaintiff and his brother-in-law, who said to defendant that they were wronged by utterances of defendant's wife, detrimental to a member of the family of the plaintiff. The brother-in-law then inflicted severe blows on the defendant, as alleged. On defendant's arrival home he discovered that the amount with which he had left the store, and which he carried on his person, was missing. He made charges of assault and battery and robbery against the plaintiff and his brother-in-law. They were found guilty of the former offense, but not of the latter. The case before us for decision was tried by a jury in the District Court. The verdict was for the defendant, rejecting plaintiff's demands.

Our review of the facts has resulted in convincing us that plaintiff and his brother-in-law acted together in attacking the defendant. They left plaintiff's home together and met defendant on the road. The brother-in-law actively committed the assault, while the plaintiff stood

David vs. Aaronson.

in front of the horse and buggy, giving the attack his sanction by his presence and by, to some extent at least, participating in it, as shown by all the facts and circumstances of the case. They were, it seems, greatly provoked by calumnious reports which they assert defendant's wife sought to circulate against them. It is well known that this is not cause sufficient in law to justify one in resorting to the commission of such an assault as that committed by plaintiff and his brother-in-law.

By the attack, he was put entirely in their power, and while the blows were being inflicted, defendant testified that he lost all consciousness. The bruises left on his face and neck lead to the inference, even without testimony, that he was surely rendered powerless, and it may be unconscious. After the attack, and doubtless greatly smarting under the treatment, discovering that he no longer had on his person the amount he had when he left his store in the early morning, the charge brought, under the circumstances, is not entirely out of all reason, although, as the result shows, it was not true that plaintiff had robbed him. In face of the fact that defendant was violently and without cause assaulted and beaten, we do not think that we should change the conclusion which is expressed by the jury of the vicinage in this case.

Defendant was too hasty in bringing charges against plaintiff, but, none the less, he is not to be judged as one should be who has not been made to suffer greatly at the hands of the one or those whom he denounces. He had cause to complain. He had been injured, and even if he also went beyond the proper bounds, plaintiff and his brother-in-law were not blameless. They had actively taken part in arousing the bitter feeling which found vent in the charge made.

Plaintiff complained of the charge of the district judge in instructing the jury, in substance, that they had the authority to consider the amount of defendant's damage, if they found that plaintiff had suffered injury for which he should recover damages, with the view of compensating one with the other. The question, strictly, is not one of compensation or set off, at the same time, those causes of action were inseparably connected the one with the other. In proving up plaintiff's cause of action, that of the defendant was unavoidably brought before the court in all its particulars.

It being evident that both parties were in the wrong, we do not think it was error so to instruct the jury, since these causes of action were merged into one, to consider them, and to render a verdict disposing of both issues.

There was wrong done by each of the parties to the action. We have not found it possible, in view of the facts, to find that plaintiff is entitled to damages.

Plaintiff's counsel have referred us to the article of the Code of Practice, No. 375, and to the case of Coco vs. Guyral, 36 Ann. 293, in which it was decided that the action for damages was different from the main action, and necessarily connected with it.

Here, we think, the plaintiff's assault did have something to do with the charge of robbery, in this, that defendant was ill-treated by the plaintiff and his brother-in-law to the extent that even this erroneous charge is not to be considered in the light of a case where there has been no provocation or where the provocation was not as great as it is in this case. One who has been violently assaulted is not always reasonable in subsequent conduct and utterances regarding his assault. If he is not, the cause of his injustice and the injury suffered may be considered in arriving at a conclusion as to whether the victim of the injustice should recover damages for the after-effects to which he has, in a measure, contributed.

There was no testimony before the court proving that defendant had had the dispatch complained of by plaintiff inserted in the "Picayune" newspaper. We do not think that this fact is of any importance in determining the issue.

For reasons assigned, the judgment appealed from is affirmed.

Rehearing refused.

BLANCHARD, J., takes no part, having been absent during the argument.