(33 South. 724.)

No. 14,205.

BLOOM v. CRESCIONI.

(Feb. 16, 1903.)

SLANDER—EVIDENCE.

1. An action in damages for slander, insult and abuse will not be maintained where it appears to have been a case of mutual interchange of opprobrious epithets—a case of vituperation and abuse on both sides.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Walter B. Sommerville, Judge.

Action by Marcus Bloom against Paul J. Crescioni. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert J. Maloney, for appellant. Charles J. Théard, for appellee.

BLANCHARD, J. This is an action in damages for slander, insult and abuse.

The amount claimed is $5,000. From a judgment against him, plaintiff appeals.

The plaintiff was a butcher or meat seller in the Dryades Market in the city of New Orleans.

The defendant was the collector for the market lessees. It was his business to collect each day, from those occupying stalls in the market, the rents for such stalls. Occasionally, however, a stall renter would be permitted by the collector to go over a day, or two days, or three, without paying rent and then collect it altogether.

On the occasion in question this had been permitted to plaintiff. He owed for several days' rent of his stall, and when the collector appeared to collect, some dispute arose between them as to the amount due—the number of days plaintiff owed for.

It was a trivial matter. The difference between them was only 80 cents. In an angry discussion which ensued they hurled at each other insulting epithets, coupled with threats of violence.

Plaintiff and his witnesses testified he had been called by defendant a liar and other vile names and that plaintiff had not retorted in kind.

On the other hand, defendant and his witnesses testified that plaintiff was responsible for the trouble in his denial of the debt, and that he was the first to use the word "liar" —branding the defendant as such when he claimed plaintiff owed him more than the sum the plaintiff had handed him.

We have come to the conclusion, with the district judge, that this was a case of mutual exchange of opprobrious epithets, of vituperation and abuse on both sides, and that no action for damages lies.

In such cases appellate courts place great reliance upon the appreciation of the facts by the jury or the trial judge, and will only disturb their findings when the same are manifestly incorrect.

In Fulda v. Caldwell, 9 La. Ann. 358, this court held that the interchange of opprobrious epithets and mutual vituperation and abuse justified the judge in approving a verdict for the defendant, although the slanderous words were proven, and that such a verdict would not be disturbed on appeal.

And to the like effect has been the ruling of the court repeatedly since.

See Artieta v. Artieta, 15 La. Ann. 48; Young v. Bridges, 34 La. Ann. 333; Bigney v. Van Benthuysen, 36 La. Ann. 38; Johnston v. Barrett, Id. 320; Goldberg v. Dobberton, 46 La. Ann. 1303, 16 South. 192, 28 L. R. A. 721; Mihojevich v. Bodechtel, 48 La. Ann. 618, 19 South. 672.

Judgment affirmed.