————o————

## No. 6755.

## WILLIAM PAGE v. ROBERT HILLARD.

### Syllabus.

In a suit for damages for assault and battery the plaintiff cannot recover if he was the aggressor.

Courts will not disregard the testimony of witnesses on the ground that it is improbable, when it is not shown to be impossible.

A party will not be heard to impeach the credibility of the witness he adduces.

Appeal from the Civil District Court, Parish of Orleans, No. 106,859, Division "B"; Hon. Fred. D. King, Judge. Affirmed.

Lazarus, Michel & Lazarus, for plaintiff and appellent.

Dinkelspiel, Hart & Davey, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court as follows:

Plaintiff claims of defendant damages for assault and battery. He charges that he was employed by defendant as his personal valet at a salary of $35.00 per week;

> "that on the night of Tuesday, December 16th, 1913, between the hours of seven and eight oclock P. M., the said defendant wilfully and maliciously, and without any justification or cause, cursed and abused your petitioner and accompanied the same with a violent assault upon petitioner's person; that said acts were committed by the said defendant in his dressing room, in the Tulane Theatre in this City, and in the presence of other attaches of the defendant, who had to intervene to prevent a more serious bodily injury being inflicted upon petitioner by the defendant; that the defendant is a man of large stature and powerful physique, whereas, your petitioner is small in stature and was unable to defend himself against the onslaught of the said defendant."

For all of which plaintiff claimed in his original petition $5000.00, which he subsequently reduced to $1998.00.

The defendant admitted that he had employed the plaintiff as alleged, but denied the allegations quoted above and stated:

12

"That on the contrary, on the night alleged plaintiff became surly, and on being questioned as to the reason thereof struck defendant, whereupon defendant had him ejected from his dressing room and discharged him."

He denied

"That he brought about the trouble and physical encounter as stated but avers that same was entirely due to the acts of the plaintiff"—and he prayed that the suit be dismissed.

There was judgment for defendant and plaintiff has appealed.

The plaintiff is 37 years old. He thus states his case:

"The defendant was an actor, and was the leading man in the 'Argyle Case' put upon the stage of the Tulane Theatre; at about seven o'clock P. M., of December 16th, the defendant entered his dressing room to prepare to go upon the stage and the plaintiff followed him to assist him in undressing and dressing; Mr. Hillard was seated by the dressing table; Mr. Von Seyffertitz, Stage Manager for the 'Argyle Case', was on his right, and Mr. Morris Greet, manager of the theater, was on his left, directly behind the plaintiff. Mrs. Williams was also there. Mr. Hillard said to me: 'Did you send that parcel off?' I said, yes, sir. All of a sudden he turned around to me and said: 'Damn you, what is the matter with you? Why do you look that way?' I said nothing at all, and he struck his hands on the table and said: 'Damn it, what is the matter?' I said nothing at all, so with that he said: 'If you are not satisfied, damn you, go.' I said: I will; and he deliberately caught me by the throat with his two hands and I embedded my nails in his arm to try

13

and make him let go my throat, and with that he deliberately struck me in my left eye, at the same time kicking over the chair from behind him, and breaking the mirror in the dressing room, and with that he says: 'Put the little devil out, put the little devil out.' I said: I don't want any putting out; I am only too pleased to go. With that I left the dressing room in the company of Mr. Greet and went as far as the stage door."

Plaintiff summoned as witnesses, and took the testimony of Mr. Von Seyffertitz and of Mr. Greet. The former testified that he was present at the time of the altercation between the plaintiff and the defendant; that the plaintiff struck the first blow; he struck the defendant on the left cheek; the defendant got plaintiff's head under his arm and struck him; the defendant and Mr. Greet ejected plaintiff from the room; he did not recall seeing Mrs. Williams in the dressing room on that night.

Mr. Greet testified that he also was in the dressing room on the same night; that Mrs. Williams was not there; the plaintiff struck the first blow while defendant was sitting down; Hillard got up and tried to put Page out of the room; Page would not go; they clinched, and witness got Page out of the room.

The defendant himself testifies that on that night while plaintiff was arranging his wig, he noticed that plaintiff was in bad humor and he said to him: "What are you sulking about, have you any grievance, if so, tell me what it is?" With that the plaintiff said he was working like a slave, that he had not a moment to himself, that he would be damned if he would stand it, and was violently angry; that defendant then discharged the plaintiff and ordered him out of the room; that plaintiff refused to go and assaulted him and struck at him, when defendant struck

back at him blackening his eye, and with the assistance of Mr. Greet, pushed plaintiff out of the room.

In order to recover plaintiff must show that the defendant was the aggressor.

For if plaintiff provoked the blow he received he cannot have judgment. 28 *A.,* 710; 30 *A.,* 241; 38 *A.,* 267 (269); 105 *La.,* 347; 111 *La.,* 143; 116 *La.,* 1107.

Plaintiff cannot recover for two reasons: First, the law imposes upon him the obligation of making his claim reasonably certain; to make it probable is not sufficient. 16 *A.,* 121; 1 *H. D., p.* 524; *C. C.,* 2232 (2229).

The plaintiff is the only witness who says that the defendant was the first to assault him. The defendant and two other witnesses swear that the plaintiff provoked the difficulty by the intemperance of his language and his aggression. The plaintiff's answer to the testimony produced by defendant is that it is false and improbable upon its face, because it is incredible that, without any cause or reason, the plaintiff should have struck the defendant. As we read plaintiff's testimony, it also appears to us strange, if not improbable, that defendant should have reached for plaintiff's throat without provocation. But the Supreme Court has said in *Succession of Barrett,* 43 *A.,* 61:

> "Positive testimony by witnesses whose character and credibility are not impeached cannot be overcome by suspicion founded on mere improbability of their statements when not shown to be in any sense impossible." See also 32 *A.,* 251 (256).

But the witnesses impugned were produced by plaintiff himself. In *Greenleaf on Evidence, S.* 442, we read:

> "When a party offers a witness in proof of his cause he thereby, in general, represents him as wor-

thy of belief. He is presumed to know the character of the witnesses he adduces; and having thus presented them to the Court, the law will not permit the party afterwards to impeach their general reputation for truth, or to impugn their credibility by general evidence, tending to show them to be unworthy of belief."

26 *A.*, 211; 47 *A.*, 1574; 30 *Am. & Eng. Enc. Law, p.* 1128, *No.* 10.

The other reason is that the trial Judge heard and saw the plaintiff and did not consider that his testimony overcame that of the three other witnesses. We cannot say that his judgment was manifestly erroneous. 1 *Roehl's Dig., Vo. Appeal* 1X (v).

The judgment is therefore affirmed.

Opinion and decree, November 6th, 1916.