CLARK, JR., v. LOUISIANA RY. & NAV. CO.

(April 13, 1931. Opinion and Decree.)
(April 27, 1931. Rehearing Refused.)

Milner & Porteous and Wm. A. Porteous, Jr., of New Orleans, attorneys for plaintiff, appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit to recover damages for an alleged slander and also damages said to have resulted from the defendant refusing to deliver to the plaintiff as consignee, a shipment of cordwood.

The petition alleges that S. S. Ferguson shipped plaintiff a carload of cordwood on February 14, 1925; that he paid a draft drawn by the shipper on him in the sum of $40 covering part of the purchase price of the wood; that upon the arrival of the shipment in New Orleans on February 15, 1925, defendant sought to collect charges based on 18 cords and that plaintiff tendered freight charges for 16.45 cords, the actual quantity of wood; that the defendant refused to accept the tender and to allow plaintiff to make further measurement of the wood; that plaintiff had earlier sold the wood to a. Mr. Bernard at a profit and that thereafter the defendant, between March 15th and 23d, sold the wood to some third party; that on March 1, 1925, Mr. Graham, an employee of the defendant, cursed and abused plaintiff in the presence of others and ordered him from the company's premises causing him humiliation and embarrassment. The petition prays for damages for loss of profit from the sale of the wood; damages for loss of business with Ferguson; for the balance of the purchase price less freight charges that plaintiff would have to pay Ferguson; and also damages for the slander.

The defendant filed a plea of prescription of one year as to the claim for damages for slander setting forth that the slanderous words are alleged to have been spoken on March 1, 1925, and that suit had not been filed until July 25, 1926, and as to the other claims for damages an exception of no cause of action.

The exceptions being overruled, the defendant answered denying the alleged slanderous remarks and denying liability as to the other claim on the ground that the car contained 18 cords of wood for which the defendant sought to collect freight charges; that the plaintiff claimed that the car only contained 16.45 cords and tendered check for that amount only; and that upon the refusal of the plaintiff to accept delivery and pay the freight charges based on 18 cords of wood, the defendant, under written authority of the shipper, sold the wood in order to pay the freight charges.

There was judgment in favor of the defendant dismissing plaintiff's suit, and he has appealed.

The record shows that the plaintiff purchased the carload of wood from Ferguson for $6.25 per cord and before delivery had sold it to Mr. Bernard for $7.50 per cord. Upon the arrival of the car plaintiff inspected its contents and came to the conclusion that the car contained 16.38 cords but tendered freight for 16.45 cords.

The inspector and weigher for the railroad, after his examination of the contents of the car, reached the conclusion that the car contained 18.31 cords. The company sought to collect freight for 18 cords which the plaintiff refused to pay and ten-

dered an amount covering 16.45 cords. After a conference between the company's official and the plaintiff, they were still unable to agree, with the result that on March 23d, the wood was sold to a third party on written instructions of the shipper, to cover the freight charges.

The evidence is conflicting as to how many cords of wood were in the car, but we have reached the conclusion, as our learned brother below did, that the preponderance of the evidence is in favor of the defendant that there were 18 cords of wood in the car.

We further observe that the whole difficulty could have been obviated by the plaintiff tendering the small difference of $2.25 to the defendant and making claim for refund which he refused to do. Plaintiff made no attempt to minimize his alleged loss. Under the circumstances the claim for damages on account of the shipment is denied. Tardos v. Chicago, St. Louis & New Orleans Railroad Co., 35 La. Ann. 15; Armistead v. Shreveport & Red River Valley R. R. Co., 108 La. 171, 32 So. 456; Warren v. Stoddart, 105 U. S. 225, 26 L. Ed. 1117.

As to the claim for the alleged slander, it would appear to us that under the provisions of article 3536 of the Civil Code the claim was prescribed by one year, which was properly pleaded. But, assuming that the plea was not well founded, the petition does not set forth the alleged slanderous words and the plaintiff in his testimony stated "Well, he said you G—— d—— this, that and the other you think you own the railroad out here? I told him, G—— d—— him, if he came out there I guessed we could settle it." While the petition states that these words were spoken in the presence of others, there is nothing in the testimony of the plaintiff or the record to show that there was any one present except Mr. Graham and the plaintiff. Therefore, the alleged slanderous words would not be actionable because there would not be any publication of them.

Further, there is nothing in the petition and record to show what the alleged slanderous words were. Hence, even if it be conceded that slanderous words were spoken, which the witness Graham denied and which the plaintiff alone asserted were spoken, there is nothing before the court. The claim for damages for slander is clearly without merit. Johnston v. Barrett, 36 La. Ann. 320; Artieta v. Artieta, 15 La. Ann. 48.

For the reasons assigned, the judgment appealed from is affirmed.