This is a disbarment proceeding. The petition is, in every respect, regular and in conformity with the legal requirements.
It is met by an exception to the jurisdiction of this court ratione materiæ, and, in the event said exception is overruled, it is further excepted to upon three grounds, viz.: That the proceeding is premature; that the petition is too vague and indefinite to permit the defendant to answer it; and that the petition discloses no legal right or cause of action. This court has exclusive original jurisdiction in disbarment proceedings where the defendant is a resident, is domiciled in, and is practicing the profession of law in this state. The pertinent part of article 7 of the Constitution of 1921 (section 10) is as follows:
"It [the Supreme Court] shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar," etc.
The defendant is a practicing lawyer of this state, and this court, therefore, has exclusive jurisdiction of this case. The exception that this suit is premature, because the defendant is being prosecuted criminally for the act for which it is herein sought to disbar him, and that these proceedings should be stayed until the criminal prosecution is concluded, is without merit. This proceeding is not, in any sense, dependent upon the outcome of the criminal prosecution. The exception *Page 777 
that the petition is vague and indefinite is merely dilatory. The petition charges as follows:
"On or about March 13, 1928, the defendant, acting in his professional capacity, prepared an instrument in writing purporting to be the last will and testament, in nuncupative form, under private act of one Drauzin Ducre, which said instrument, after the preparation thereof, was never signed by Drauzin Ducre although it purported to contain his true and genuine signature, and on said day and date the defendant signed said instrument as a witness thereof, and as a witness of the signature of Drauzin Ducre on said instrument, when the defendant knew that said instrument had not been signed by Drauzin Ducre and that the signature appearing thereon was not the true and genuine signature of Drauzin Ducre."
The foregoing excerpt from the petition leaves nothing in doubt as to the unprofessional act with which the accused is charged. For the reasons stated, which we do not consider it necessary to amplify, all of the exceptions are overruled.
 On Exceptions.