## KENNER v. MILNER.
### No. 2116.

Court of Appeal of Louisiana. First Circuit.

June 5, 1940.

Purnell M. Milner, of New Orleans, in pro. per.

Hiddleston Kenner, of Bay St. Louis, Miss., in pro. per.

Le BLANC, Judge.

This is a suit for damages for an alleged libel in which the plaintiff's demand against the defendant was originally for the sum of $30,000 but which he reduced to $2,000 by having a remittitur entered for the difference of $28,000. Plaintiff was formerly a practicing attorney at law in this State but was disbarred by judgment of the Supreme Court as appears from the reported decision published in Re Kenner, 178 La. 774, 152 So. 520. The defendant is also an attorney at law still engaged in practice. Both are residents of St. Tammany Parish in this State.

The libel charged by plaintiff against defendant grows out of a letter which the latter wrote and caused to be published in the St. Tammany Farmer, a newspaper published weekly at Covington in the Parish of St. Tammany, in its issue of December 5, 1931. Plaintiff copied the letter in full in one of the articles of his petition and then, dissecting it in many parts, alleges that the statements contained in each part as dissected, are defamatory and libelous in that he is charged (1) with being a person of low and disreputable character, morally unfit for persons of respectability to associate with, (2) with having committed perjury in certain legal proceedings, (3) with having filed a new lawsuit after the first he had filed had been dismissed because he recognized and thereby admitted that he had sworn falsely in the first, (4) with having filed a suit with the purpose of blackmailing and (5) with having aided and assisted in the forgery of a will.

Upon the filing of an exception by the defendant a copy of the issue of the newspaper in which the alleged libelous letter appeared was produced and filed in the record. The petition, otherwise containing all necessary averments to support a cause of action for damages based on libel, defendant then pleaded no right or legal cause of action against plaintiff on the ground that the published letter itself shows that

it was written in answer to untruthful and libelous charges made by plaintiff against him. That plea or exception was acted on by the Honorable C. Ellis Ott who was then district judge of the court in which the case was being tried, who is now a member of this court, purposely taking no part in this decision, and who, in overruling it, properly held that the court could not, for the purpose of deciding the exception, be called on to undertake an investigation of the files of a newspaper, of various court records and other facts in connection therewith, but was limited in its consideration to the facts as disclosed and alleged in the petition. The petition, having alleged that the statements in the published letter were false, untrue and made with malice, and it appearing that they were libelous per se, naturally a right and cause of action had been shown.

Under reservation of his exceptions which had been overruled, the defendant then filed his answer in which he admits that he wrote the letter which was published on December 5, 1931, but avers that the same was addressed to the editor of the newspaper in which it was published in answer to a scurrilous, defamatory and libelous letter written by plaintiff and published in that same newspaper in its issue of November 28, 1931, and to his answer he annexed a copy of the issue of the newspaper in which the alleged defamatory and libelous letter is published. He denies that he wrote and had published the letter appearing in the issue of the newspaper of December 5, 1931, with any malice toward plaintiff but in self-defense against the letter which plaintiff had had published the week previous. He then pleads the truth of every fact stated and charge made in his letter published December 5, 1931, but shows that in the event that they are not true that the two letters and publications being now before the court, plaintiff's suit should be dismissed because it is not the policy of the court to entertain lawsuits between individuals who have engaged in charges against each other of a defamatory or libelous nature and have cast mutual opprobrious epithets at each other. Defendant then reiterates the plea of truthfulness of each and every statement of his letter alleged by plaintiff to be false and libelous, pointing out as to each, the facts and documents on which he relies in order to support the plea.

On the pleadings as thus made, the case was tried on the merits before the Honorable Robert D. Jones, now district judge, and resulted in a judgment in favor of the plaintiff with an award in the sum of $100 for what the district judge held he was entitled to recover for "little more than nominal damages" in view of all the mitigating circumstances in connection with the libel which had been committed.

The defendant has appealed and plaintiff has answered the appeal asking that the judgment be amended by increasing the amount of the award to the sum of $2,000.

In assigning written reasons for judgment the trial judge stated that the defendant, who was held to the burden of supporting his plea of truthfulness, had failed to do so with respect to the statements in his letter charging blackmail and false swearing, and he accordingly held him liable. He dismissed the plea of mutual vituperation based on plaintiff's letter, which was published November 28, 1931, on the ground that although the letter might be said to cast "some slight reflection on defendant" it contained no language defamatory to his character.

This suit is another outgrowth of long, protracted and bitterly contested litigation which began some fourteen years ago or more, when the plaintiff herein instituted a petitory action on behalf of an aged negro named Drauzin Ducre in the district court of St. Tammany Parish, against the present defendant. Only recently, this court had occasion to refer to all of these matters in deciding a suit for malicious prosecution between the same parties to the present controversy and we deem it wholly unnecessary to elaborate on them at this time. See Kenner v. Milner, 187 So. 309. The most regrettable part of the whole matter is that the court is again called to the unpleasant task of adjudicating once more the personal difficulties between two members of the legal profession who seem to have wasted these many years of their lives without accomplishment on the part of either but with rather grave and serious losses in one way or another to both. The plaintiff, as a result of certain things that took place, stands disbarred as an attorney at law by judgment of the Supreme Court of his State and the defendant, once an active practitioner of his profession, today presents the appearance of a man advanced in years, broken in health and somewhat in spirit and who no doubt has spent a considerable sum of money over the period all these proceedings have covered. As we

calmly reflect upon all that has transpired since that time, after reading the various records and the court decisions in connection therewith, we can understand the emotions and the feelings which animated them from time to time which in the more bitter moments seemed to have overpowered their better judgment. It was that feeling which no doubt prompted and probably swayed them in exposing their vituperation publicly in a newspaper controversy as well as in a court of justice. The whole situation is one which certainly does not reflect any honor on the profession which they had chosen and in which they had become officers of the court sworn to uphold and maintain its dignity.

· It is in the light of these reflections that we come now to consider the two letters involved in the present contest, one of which was the producing cause and the other forming the basis of a defense.

█ There is no doubt but that the letter which defendant caused to be published December 5, 1931, contained statements which are libelous per se. In that, we thoroughly agree with the district judge. Indeed, when defendant pleads the truth of the statements they contain he thereby admits their libelous character. Whether he has carried the burden of proving that they are true is a question on which there is just ground for a difference of opinion. As we find reason to disagree with the district judge, however, when he rejected the plea of mutual vituperation, it becomes unnecessary for us to adjudge the truth or falsity of the charges made.

█ When, in ruling on the exception of no cause or right of action which involved this plea, Judge Ott stated that the court would not undertake an examination of the files of the newspaper in which the letters were published, he was correct. Defendant, in his exception, had merely pleaded justification on the ground that his letter was in answer to a letter plaintiff had had published without setting out the contents of that letter. In his answer, he reiterated the plea, annexing a copy of the issue of the newspaper in which it was published and alleged that it contained scurrilous, defamatory and libelous statements. The letter was then before the court and was considered by the trial judge who found that although it "might be said to cast some slight reflection on the defendant," it contained no language defamatory to his character. In this conclusion we find ourselves

unable to agree with the learned district judge.

██ We do not know what end would be served by reproducing the two letters in this opinion. We have purposely referred to the contents of defendant's letter in a more or less general way and do not purpose to do any more with regard to the plaintiff's. In considering it however we must bear in mind that the defendant is a lawyer and at the time that letter was written was interested in a matter of most personal and vital importance to himself since it involved the title to and possession of the property which he had acquired for himself and on which he had erected his home. When the letter, calling him by name, charged him with having taken possession of the property "knowing full well" that there was a title of record vested in others as he had examined the title, and it was obvious therefore that his intention was to take undue advantage of an illiterate colored man who was without means to defend himself, we cannot but conclude that defendant's character, especially in relation to his profession as a lawyer, had been defamed. In our opinion, there was sufficient provocation for retaliation, and under the circumstances even though the retaliation was of a nature which would not be justifiable in law, plaintiff himself being at fault, cannot recover. The principle seems to be well imbedded in our jurisprudence that in suits of this kind where the parties have engaged in mutual vituperation and abuse at each other, they are both wrong, and neither can recover from the other. In Pellifigue v. Judice, 154 La. 782, 98 So. 244, 246, the court stated: "It is a well-settled rule of law and jurisprudence that, where persons mutually engage in applying opprobrious and defamatory epithets to each other, neither of them can recover damages. Johnston v. Barrett, 36 La.Ann. 320; Bloom v. Crescioni, 109 La. [667] 668, 33 So. 724, 94 Am.St.Rep. 456; David v. Aaronson, 105 La. 347, 29 So. 895." In Bigney v. Van Benthuysen et al., 36 La. Ann. 38, the principle was applied in a case where the parties, like those in the present suit, had engaged in a newspaper controversy.

The conclusion we have reached makes it necessary for us to reverse the judgment appealed from and it is therefore, for the reasons herein stated, now ordered that the judgment appealed from be, and the same is hereby, reversed, annulled. and set aside,

and it is further ordered that there be judgment in favor of the defendant and against the plaintiff dismissing this suit at plaintiff's costs.