340 So.2d 687 (1976)
Daniel E. BECNEL, Jr.
v.
Donald BOUDREAUX.
No. 7740.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1976.
Rehearing Denied January 12, 1977.
Daniel E. Becnel, Jr., Reserve, in pro. per.
Carville & Edrington, Richard L. Edrington, Roland J. St. Martin, LaPlace, for defendant-appellant.
Before GULOTTA, STOULIG and BEER, JJ.
GULOTTA, Judge.
Defendant in this defamation suit appeals from a $5,000.00 judgment in favor of plaintiff. We reverse.
The litigation arose out of utterances made by defendant, a member of the St. John the Baptist Parish School Board, at a public meeting of the Board. Several months before this incident, plaintiff, Daniel E. Becnel, Jr., a practicing attorney, had filed against the Board, at its request, a suit to reapportion the school board districts. A consent decree was rendered. Subsequently, however, the Board deemed it necessary to modify the decree, and the District Attorney for St. John the Baptist Parish filed the appropriate motion. Plaintiff, in answer to the motion, objected to the amendment and additionally requested a $2,500.00 attorney's fee for prosecution of the aforementioned suit against the Board. The motions were set for simultaneous hearing. Prior to that hearing, however, the Board invited Becnel to attend its regularly scheduled meeting to discuss the pending motions.
During the ensuing discussion at this meeting, Becnel indicated he would not consent to the amended decree unless an agreement for the payment of his attorney's fees could be reached. Plaintiff further indicated reopening the matter might cause Board members to run for re-election before the expiration of their present terms. Thereafter, an Assistant District Attorney, *688 who was legal counsel to the Board, stated in effect, "You [the Board] are being blackmailed." Whereupon, defendant-Boudreaux stated, "I refuse to be blackmailed! Mr. Becnel is blackmailing us! " A reporter who was in attendance at the meeting included, in an article in the local newspaper, the utterances made by the Assistant District Attorney and the defendant. Becnel's suit against Boudreaux followed; no suit was filed against the Assistant District Attorney.
In his reasons for judgment, the trial judge, relying on a line of cases [1] holding that words which impute crime to another are slanderous and malicious per se, concluded that defendant had defamed Becnel and had caused injury to him.[2] Though plaintiff did not show any loss of earnings as a result of the defamation, an award was made on the basis of plaintiff's showing that he had suffered public embarrassment, humiliation, pain and mental anguish.
Defendant seeks a reversal on three grounds: 1) that the utterances, when considered in the context in which they were made, were not in fact defamatory; 2) that the utterances concerned a matter of public interest and, absent a showing of actual malice, were not defamatory; and, 3) that the statements were privileged under the doctrine of "fair comment".
It is true, as pointed out by the trial judge, that words unjustly imputing a crime to another are defamatory per se. However, we are also cognizant of the established principle of Louisiana law that the court, in making its determination whether the words are defamatory, must look not only to the words themselves but to the context and circumstances in which they were used. Flanagan v. Nicholson Pub. Co., 137 La. 588, 68 So. 964 (1915); Sterkx v. Sterkx, 138 La. 440, 70 So. 428 (1915); Dyer v. Davis, 189 So.2d 678 (La. App. 1st Cir. 1966), writ refused, 250 La. 533, 197 So.2d 79 (1966); Brown v. News-World Publishing Corp., 245 So.2d 430 (La. App. 2d Cir. 1971). In Flanagan v. Nicholson Pub. Co., supra, the defendant described the plaintiff as "the rankest kind of traitor" because he had favored San Francisco over New Orleans as the locale for the Panama Exposition. In affirming a judgment for the defendant, the Louisiana Supreme Court stated:
"The words `traitor,' `dangerous and suspicious character,' and `fellow,' . . do have a very disparaging meaning;. . .. But the connection in which the words are used control their signification, and the expressions here in question might well be used in a connection altering their ordinary meaning; and we think they were so used in the present case. * * *"
The court further cited several English cases and Newell on Slander and Libel to show that words such as "murderer", "thief" and "robber" when used to characterize another must be viewed in the context in which they were spoken. Similarly, the court in Mihojevich v. Bodechtel, 48 La.Ann. 618, 19 So. 672 (1896) [cited in Flanagan], stated:
"* * * True it is that such words as `dirty rat,' `thief,' and `swindler,' . . are bad enough, in their way, and little suited to ears polite; but, under all the circumstances surrounding this case, we do not feel disposed to give them the significance that is claimed for them by plaintiff's counsel. * * *"
Applying these principles to the instant case, and considering the atmosphere surrounding defendant's use of the word *689 "blackmail", we conclude that his utterances were not defamatory. Defendant testified he believed plaintiff was attempting to exert undue pressure on the school board for payment of exorbitant attorney's fees. Furthermore, Boudreaux used the term "blackmail" shortly after[3] the Assistant District Attorney used the same term. The sequence of defendant's statement following that of the Board's legal counsel indicates that the seed for Boudreaux's use of the term "blackmail" might have been planted by the Assistant District Attorney's use of the term. We conclude, under these circumstances, that defendant did not intend to accuse plaintiff of the crime of blackmail or impute to him the crime of extortion, but rather expressed, albeit in strong language, his belief that the Board was being unduly pressured or intimidated. As the court stated in Flanagan, supra, 68 So. at p. 967, such circumstances "explain and go towards excusing the severity of the language used".
Having so concluded, we need not consider defendant's alternate contentions that the utterances were not defamatory because they were made without malice and concerned a matter of public interest, and because they were privileged under the doctrine of fair comment.
Accordingly, the judgment of the trial court is reversed, and plaintiff's suit is dismissed at his costs.
REVERSED AND RENDERED.
NOTES
[1] Lamartiniere v. Daigrepont, 168 So.2d 370 (La.App. 3d Cir. 1964); Edwards v. Derrick, 193 La. 331, 190 So. 571 (1939); Savoie v. Scanlan, 43 La.Ann. 967, 9 So. 916 (1891).
[2] The trial judge cited also the following definition of "blackmail" as defined in Black's Law Dictionary, 3d Ed.:

"The extortion of money by threats or overtures towards criminal prosecution or the destruction of a man's reputation or social standing."
[3] Counsel in oral argument are in agreement that the word "blackmail" was first uttered by the Assistant District Attorney. The record is not clear on the sequence of the use of the word.