555 So.2d 577 (1989)
Ricardo CORTEZ, Jr.
v.
Doyle E. SHIRLEY d/b/a The Daily Review et al.
Ricardo CORTEZ
v.
Doyle E. SHIRLEY d/b/a The Daily Review and The Daily Review.
Nos. CA 88 1847, CA 88 1848.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Rehearing Denied February 1, 1990.
*578 William P. Rutledge, Charles M. Ponder, III, Domengeaux & Wright, Lafayette, for plaintiffs-appellants.
Edward M. Leonard, Leonard & Hayes, Morgan City, for defendants-appellees.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
In these consolidated defamation suits, plaintiffs appeal the granting of a summary judgment against both of the plaintiffs and in favor of the defendants. We affirm.
On December 3, 1984, Morgan City Newspapers, Inc., published an article in a newspaper it owns called the Morgan City *579 Daily Review. The publisher and editor of the Daily Review at the time the article was printed was Doyle E. Shirley.
The article appeared as follows:
Two unrelated incidents over the weekend led to a Morgan City man's arrest for aggravated rape, false imprisonment and aggravated battery.
Morgan City Police Chief Beverly "BB" Broussard said Richard J. Carpenter, 43, of 300 Second St. in Morgan City was charged for the incidents occurring Saturday in the City.
The first incident leading to the suspect's arrest was the aggravated battery, allegedly resulting when Carpenter became involved in an altercation of some type with Ricardo Cortez, Jr. of Morgan City.
Carpenter allegedly fired a pistol, hitting Cortez in the upper left arm. Cortez was treated at Lakewood Hospital in Morgan City and released.
Later in the day, a woman reported she had allegedly been held at gunpoint by Cortez and raped several times.
The woman also reported she was struck with the gun while being held, Broussard said.
Carpenter was then charged with aggravated rape and false imprisonment of the woman.
The suspect is currently in the city jail with bond set at $100,000.00, according to Chief Broussard.
Larry Wall, the reporter who wrote the story, obtained the information for the article from the Morgan City Police Department. Ricardo Cortez, Jr., was the name provided by the police as the man who was allegedly shot by Carpenter.
Ricardo Cortez, Jr., (Cortez, Jr.) called the paper on the afternoon of December 3, 1984, and advised the managing editor, Steve Shirley, that the person who had been shot was not Cortez, Jr., but his father, Ricardo Cortez, Sr., (Cortez, Sr.). Steve Shirley re-read the article to check the use of Jr. and Sr. and also discovered a transposition of the name Cortez for Carpenter in the fifth paragraph of the article. The Morgan City Police Department was consulted. It verified that an error had been made when the name of Cortez, Jr., was furnished to the paper. The person allegedly shot by Carpenter was Cortez, Sr. A retraction was printed on December 4, 1988, to correct the misidentification of Cortez, Jr., and to correct the transposition of the names in the fifth paragraph.
Cortez, Sr., filed suit against defendants, Doyle E. Shirley and Morgan City Newspapers, Inc., claiming he had been defamed by the article and asking for damages resulting from the defamation. Cortez, Jr., filed a similar suit against the same defendants. The two cases were consolidated.
Defendants filed a motion for summary judgment in the consolidated suits. Affidavits by Doyle Shirley, Steve Shirley, and Larry Wall were filed by defendants in support of the motion.
After a hearing, the trial court granted the motion for summary judgment against both plaintiffs, Cortez, Sr., and Cortez, Jr., and in favor of the defendants. The plaintiffs' suits were dismissed. Both plaintiffs appeal.
The threshold question in a defamation suit is whether the words complained of are defamatory to plaintiff. To determine if the words can be construed to have a defamatory meaning in relation to plaintiff, the article in question must be viewed as a whole. Weatherall v. Department of Health and Human Resources, 432 So.2d 988, 993 (La.App. 1st Cir.), cert. denied, 437 So.2d 1150 (La.1983).
Cortez, Jr., was clearly named in the first part of the December 3rd article. The use of the last name, Cortez, in a subsequent paragraph was not a sufficient basis for recovery in a defamation claim by Cortez, Sr. Information contained in the retraction, which was printed the following day, correctly named Cortez, Sr., as the individual who was shot. The December 3rd article, when read as a whole, does not accuse Cortez, Sr., of a crime or defame him. It is clear that the party identified in the article was Cortez, Jr. Therefore, the trial court was correct in its granting of the summary judgment against Cortez, Sr.
*580 The trial court was also correct in its granting of the summary judgment against Cortez, Jr. The court found that the words, in the fifth paragraph linking Cortez with the rape, were not defamatory per se. The court reasoned that the article, when read as a whole, makes the error clear. Twice the alleged offender Carpenter is clearly identified as the person allegedly involved in the rape. Only once were the names transposed. Carpenter was identified as the man charged with aggravated rape immediately following the transposition. The court also found that there was an absence of malice in the actions of the defendants.
The following elements must be shown to maintain an action in defamation in Louisiana:
1. defamatory words;
2. publication;
3. falsity;
4. malice, actual or implied; and
5. resulting injury.
Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196, 198 (La. 1980); Trahan v. Ritterman, 368 So.2d 181, 184 (La.App. 1st Cir.1979). The first inquiry is whether the words used are defamatory. Defamatory words are those which would expose a person to contempt or ridicule, or cause a person to be shunned or avoided. Defamatory words include almost any language which on its face has a tendency to injure a person's reputation. Consideration must be given to the entire statement that was made and the circumstances of its publication. Weatherall, 432 So.2d at 993. Words which impute criminal actions to another are defamatory per se. Trahan, 368 So.2d at 183. However, in making its determination of whether the words are defamatory per se, the court must look to the context and circumstances in which the words were used. Becnel v. Boudreaux, 340 So.2d 687, 688 (La.App. 4th Cir.1976), cert. denied, 342 So.2d 671 (La.1977).
The December 3rd article contained two errors:
1. misidentification of Cortez, Jr., as the man who was shot; and,
2. the transposition of the name Cortez, referring to Cortez, Jr., for the name Carpenter.
The name of Cortez, Jr., was obtained from the police department. The name Cortez, Jr., was obtained in good faith from the proper source and authority for crime reports. Larry Wall relied on this information in writing the article. Without fault on the part of the newspaper, no action can lie against the Daily Review for defamation. Wilson v. Capital City Press, 315 So.2d 393, 397-98 (La.App. 3rd Cir.), cert. denied, 320 So.2d 203 (La.1975).
The transposition of names, however, was an error committed by the Daily Review. Although an error was committed, that fact alone is not a sufficient basis for recovery in a defamation suit. The court must also find the five elements enumerated by the Louisiana Supreme Court in Cangelosi.
Falsity of the words linking Cortez, Jr., with the rape and publication of the article are not disputed. If the words had been found to be defamatory per se, falsity and malice would be presumed, but not eliminated as requirements. The defendant then bears the burden to rebut the presumption. Trahan, 368 So.2d at 184. The trial court specifically found that not only were the words not defamatory per se, but also that the actions of the defendants were not malicious. Therefore, even assuming the words were defamatory per se, the action would fail because the trial court found that there was no malice in the actions of defendants.
After a review of the record, we agree with the findings of the trial court. The words were not defamatory per se, and there was a lack of malice on the part of the defendants.
The December 3rd article when read as a whole exposes the mistake. Before deciding if words are defamatory per se, the words in context must be interpreted in the way reasonable individuals of ordinary intelligence and sensitivity would understand *581 them. They should be given a meaning "only in the context in which they were used. ..." Weatherall, 432 So.2d at 993. Consideration must also be given to the circumstances surrounding the usage. Becnel, 340 So.2d at 688. The defendants did not intend to accuse the plaintiff, Cortez, Jr., of a crime. The accusation occurred because of an inadvertent transposition of names. Carpenter was identified by his full name in the beginning of the article and again identified at the end as the man who was charged with the crime.
Without a finding of malice, actual or implied, the plaintiffs cannot recover. We agree with the trial court that the actions of the newspaper were not motivated by malice. The Daily Review reporter received the basic information from a police department. When an error in identification was brought to the paper's attention, Steve Shirley immediately investigated and discovered the transposition himself. The errors were corrected in an article published the next day. The plaintiffs did not submit any affidavits, depositions, or other evidence to show malice was present. In fact, plaintiffs do not argue that the actions of the defendants were based on malice.
Plaintiffs cite Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985) and argue that unless punitive damages are asked for, a showing of malice is not required. Dun & Bradstreet did not involve matters of public concern and was not concerned with a newspaper distributed to the general public. Dun & Bradstreet did hold that when the defamatory statements do not involve matters of public concern, recovery of presumed and punitive damages absent a showing of actual malice is permitted. Dun & Bradstreet, 105 S.Ct. at 2947.
Dun & Bradstreet does not, however, change our jurisprudence. Though Dun & Bradstreet allows recovery without a showing of malice within a specific situation, it does not require that malice be eliminated. Under our case law, malice, actual or implied, is still a required element. Cf. Trahan, 368 So.2d at 184.
Summary judgment has been recognized as the proper procedure with which to dispose of defamation cases when there is no genuine issue of material fact. Schaefer v. Lynch, 406 So.2d 185, 187 (La. 1981). Based on the parties' pleadings and affidavits, there is no genuine issue of material fact. Unless plaintiff can show malice, defendant is entitled to summary dismissal. Schaefer, 406 So.2d at 187. This is to prevent the threat of litigation from having "a chilling effect" on the freedom of the press. Schaefer, 406 So.2d at 187; Batson v. Time, Inc., 298 So.2d 100, 103 (La.App. 1st Cir.), cert. denied, 299 So.2d 803 (La.1974); Spears v. McCormick & Co., Inc., 520 So.2d 805, 809 (La.App. 3rd Cir.1987), cert. denied, 522 So.2d 563 (La. 1988).
For the above reasons, the trial court's granting of the summary judgment against Ricardo Cortez, Sr., and Ricardo Cortez, Jr., is affirmed at the cost of both plaintiffs.
AFFIRMED.