## CAUCHOIX *vs.* DUPUY ET ALS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Whether it is necessary to prove malice, or show actual damage sustained
from the words spoken in an action of slander.—*Quere.*

In an action of slander malice need not be expressly proved, it may be
implied.

This was an action for slander, in which it was charged,
that the defendants had asserted the plaintiff to be a man of
color.

The defendants answered, that the words were spoken
without malice, and in a confidential manner, in reply to
certain inquiries which were made of them, respecting the
condition of the plaintiff.

There was a verdict and judgment for the plaintiff, and the
defendants appealed.

*Moreau* and *Soule*, for appellants, made two points in the
cause.

1. No action of slander is maintainable, unless there be
proof of malice.

2. There is no proof of malice.

*Cannon*, for appellee.

Porter, J. delivered the opinion of the court.

EASTERN DIST.
December, 1831.

CAUCHOIX
vs.
DUPUY ET ALS.

This is an action of defamation. The plaintiff claims damages from the defendants, for having publicly asserted that he was *a man of color*.

The defendants joined in their defence, and after a general denial, averred that they did not make the statement complained of in the petition, maliciously, but in answer to inquiries directed to them by persons, who had an interest in ascertaining the condition of the plaintiff. They further averred, that their statements were confined to a repetition of what they had heard from others.

The damages were laid at six thousand dollars. This cause was submitted to a jury, who found a verdict in favor of the petitioner, for two hundred and fifty dollars, an unsuccessful attempt was made by the defendants in the court below, to obtain a new trial, and they appealed. The plaintiff in his answer to the petition of appeal, does not pray that the judgment of the court below, should be amended, but states, that it ought to be confirmed, unless this court should think "the damages assessed by the jury, are too small."

The speaking of the words, laid in the petition, is fully proved. No justification is pleaded in the answer, but on the argument an attempt was made, by way of excuse, for the assertion of the defendants, to show that there were certain facts, which authorised them to believe the truth of what they said. An examination of all the evidence given on the trial has brought us to the conclusion, that the defendants either did not believe what they said, or that they spread the report with the intention of injuring plaintiff, careless whether their accusation was true or false. He on the contrary, has satisfactorily shown that he is not a man of color. The evidence on this head is as full, as almost any man in society could furnish. He has traced his descent through unmixed blood, for upwards of a century.

Counsel have argued, there can be no damages given, unless malice is proved, and that the defendants are not responsible for reporting what they had heard from others. This case does not require us to say, whether it is necessary to prove

Whether it is necessary to prove malice, or show actual damage sustained from the words spoken in an action of slander. *Quere.*

In an action of slander malice need not be expressly proved, it may be implied.

EASTERN DIST. malice or to show actual damage sustained from the words
*December*, 1831. spoken, to sustain an action of slander.    We are clear at all
RICHARDSON  events, that the malice need not be expressly proved, it may
*vs.*  be implied.    And that the jury properly implied it here, we
PERILLAT'S  have no doubt.
EXECUTORS.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.