STATE<br>
v.<br>
EDSON.

---

## W. MILLER v. JOHN ROY.

In an action of slander, if defendant pleads a general denial, he will be precluded from setting up a justification.

The fact that the slanderous words were used in a public assembly, e. g., at a session of the Grand Division of the Sons of Temperance, is entitled to no consideration in mitigation of damages, where the defendant does not appear to have uttered the words in public debate, or in the discharge of any official duty imposed upon him.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
*Olcott & Field*, for plaintiff. *J. Q. A. Fellows*, for defendant and appellant.

SPOFFORD J. The plaintiff claimed $5000 damages of the defendant for having called him a thief, and slandered him by divers other opprobrious epithets.

The case was tried by the district judge, without the intervention of a jury, and resulted in a judgment for the plaintiff for the sum of $300, from which the defendant has appealed.

We think with the district judge, that the allegations of the petition with regard to the publication of the slanderous words are substantially proven.

The defendant merely filed a general denial; he is therefore precluded from setting up a justification.

We do not think the fact that the opprobrious language was made use of at a session of the Grand Division of the Sons of Temperance ought to be in mitigation of damages. The words do not seem to have been uttered in public debate, or in the regular discharge of any official duty imposed upon the defendant.

The district judge appears to have exercised his discretion properly in reopening the case for further evidence, and the bill of exceptions to the testimony of *Cribben* is not well taken.

Injuries to the feelings and to one's social standing are not susceptible of a precise admeasurement. Still, in a very limited class of cases, such injuries are recognized as a legitimate ground of action.

There is evidence tending to show that the plaintiff's good repute suffered in some degree from the charges brought against him in such intemperate language by the defendant, and it is not pretended that the charges had any foundation in truth.

The damages awarded by the district judge do not appear to us excessive or out of proportion to the injury inflicted.

Judgment affirmed with costs.