The opinion of the court was delivered by
Miller, J.
The plaintiff, a physician, claims of the defendant, a druggist, damages for his refusal to fill plaintiff’s prescriptions and for slander. The defence is that defendant was unable to fill the prescriptions, and a denial of the slander imputed to defendant. From the judgment of fifty dollars against hiim, defendant appeals, and, answering the appeal, plaintiff asks that the damages awarded be increased. ...
It appears from the record the defendant did decline tó prepare two prescriptions of the plaintiff. In one'a patent medicine formed a component. The defendant seems to have been averse-to putting up prescriptions of which the patent medicine formed a part. In his own language as a witness, he was-'unwilling to'take the responsibility of such a prescription, as he was not sure of the composition of the patent medicine. There is som'e'testimdny that it is not usual to include a patent medicine as a component of prescriptions, and there is testimony it-is not infrequent. 1 At least, this ■difference in the testimony Of the physicians who' testify, deserves some consideration in connection with defendant's unwillingness" to prepare the prescriptions. With reference to'the other prescript *1372 tion, the plaintiff’s brief claims defendant should be made liable because of his refusal to fill it, avowed in his answer. But the answer is, that the prescription was not filled for want of the necessary-ingredients and other causes. On this branch of the case the propositions affirmed by the plaintiff’s case is, that a druggist is to be made liable in damages because he declines to fill prescriptions. We can not assent to this view. In many cases the druggist may have the best reasons for declining to fill prescriptions. As a chemist he may perceive or have cause to suspect the physician erred in his prescription ; or the druggist may not have at hand the ingredients; or he may distrust his ability to prepare the prescription, or other causes may disincline the druggist to undertake filling the prescription presented to him. Recognizing the room for all such causes, we can not hold that the mere refusal of a druggist to fill prescriptions furnishes any occasion to hold him for damages to the physician who gives the prescription. It does not appear from the testimony, that in refusing to fill the prescriptions the defendant used any language derogatory to the plaintiff. True, the father of the child for whom one of the prescriptions was given, states the impression as to plaintiff’s professional capacity made on his mind by defendant declining to fill the prescriptions was unfavorable. But it is quite certain no such impressions could be derived from anything the plaintiff said, and an impression arising solely from the defendant’s right to decline filling the prescriptions, obviously fur'nishes no cause for plaintiff’s action against defendant.
The slander attributed in the petition to defendant was, in the course of a discussion between him and one of his fellow citizens» begun on the street and continued in a barber shop. It commenced with a request of defendant for information of the gentleman addressed, formerly a representative in the Legislature from defendant’s parish, whether the law compelled a druggist to fill prescriptions presented to him. The information given on that subject did not suit defendant, seems to have excited him, and led him to make observations offensive and unjust to plaintiff, at least in their tendency to affect those who were gathered by the animated and ■ angry discussion, or to whom the observations might be repeated. The defendant, exercising his privilege of declining to fill plaintiff’s prescriptions, should for that very reason have abstained from any ■comments calculated, to convey impressions damaging to plaintiff’s *1373 character as a professional man. On the contrary, defendant engages in a public discussion on the subject of plaintiff’s prescriptions, in which he derided plaintiff’s diploma, i. e., he, defendant, would not give a straw for such a diploma, and he further commented on one of plaintiff’s prescriptions as containing ingredients that might kill the child. It is in proof that the plaintiff is a graduate of Tulane University Medical Department and that he is a practising physician. There is no testimony to justify defendant’s comments on plaintiff’s prescription, and there is, if possible, still less extenuation for defendant’s disparaging allusion to plaintiff’s diploma. Our jurisprudence rejects the common law distinction in actions of slander, of words actionable per se requiring no proof of damage and other words slanderous in tendency, but in respect to which the law exacts proof of damage. Under our law malice, the essence of slander, may be inferred from the words, and damages allowed without express proof. Civil Code, Arts. 2315, 2316; Miller vs. Holstein, 16 La. 389; Feray vs. Foote, 12 An. 894; 3 La. 207; 14 La. 298. The application of defendants remarks was well understood. They were uttered publicly. Their natural tendency to affect plaintiff injuriously as a professional man is obvious, and the mischief apt to be done by such language is increased when it is considered that defendant is a druggist in the community in which plaintiff is a practising physician. We have read with care the elaborate opinion of the judge of the lower court. We think that under the circumstances the judgment should be more than nominal. It is a grave matter to assail without a semblance of cause professional reputation. In our opinion the judgment should be increased to one hundred dollars.
It is therefore ordered, adjudged and decreed that the judgment of the lower court should be avoided and annulled, and it is now adjudged and decreed that plaintiff recover from defendant one hundred dollars, with costs in both courts.