No. 13,064.

EMILE POISSENOT vs. JOSEPH REUTHER.

SYLLABUS.

51   965
52  1374
—————
51   965
109   703
109   704

An employer who, suddenly, upon the spur of the moment, and in a spirit of anger, denounces an employee as a thief, and attributes to him other vile epithets, in a public place, and in the presence of many persons, is liable in

damages for slander—notwithstanding the employer had been justly annoyed by a quarrel that had arisen between the employee and his manager.

Their quarrel constituted no just ground for the employer's slanderous utterances.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Sambola & Ducros* for Plaintiff and Appellee.

*Branch K. Miller* for Defendant, Appellant.

Argued and submitted April 20, 1899.

Opinion handed down May 1, 1899.

The opinion of the court was delivered by

WATKINS, J. This is an action for slander and defamation of character, and the plaintiff demands of the defendant, the sum of three thousand dollars "as real and exemplary or vindictive damages."

The case was tried before the judge, and, upon the administration of proof on both sides, he rendered judgment in favor of the plaintiff in the sum of $250.00, and from that judgment, the defendant prosecutes the present appeal.

Answering the appeal, plaintiff and appellee insists that the allowance should be increased to $500.00, and that, as thus amended, the judgment should be affirmed.

The averment of the petition is, that at the defendant's bakery, where petitioner was working on the 20th of June, 1897 ,as a journeyman baker, said defendant "without cause or (any) provocation what- " ever, did then and there maliciously defame and slander your peti- " tioner in the presence and hearing of several persons, the employees: " of defendant at said bakery, by calling your petitioner a thief, a " damn thief and son-of-a-bitch," etc.

And that said defendant, at the same time and place, discharged him from his employ, and peremptorily ordered him to leave the place.

He represents that he has always borne a good name and character in the community; that his integrity has never been questioned; and that he has always earned an honest livelihood and worked hard to support his family.

That the aforesaid vituperative and approbrious epithets and malicious utterances of defendant have grievously damaged in him in character and reputation, and in his business relations; and have, also, wounded his feelings, and humiliated him and brought him into contempt and disrespect amongst his acquaintances and fellow-laborers.

That he has, since that occurrence, been unable to obtain employment as a baker.

The defendant's answer is a general denial.

In his reasons for judgment, the judge *a quo* makes this statement, viz.:

"The evidence establishes, that the defendant did call the plaintiff " a thief, and did use the abusive words regarding plaintiff, in the " presence of several persons, as alleged in the petition.

"It is urged that plaintiff's action should fail, upon the ground that "plaintiff and defendant were engaged in a quarrel, and that what de- " fendant said to plaintiff, was caused by plaintiff's abusive language " regarding defendant.

"The evidence does not sustain this position, and, therefore, the " well-settled rule, that, when parties quarrel, and, in hot blood, de- " nounce and abuse each other, neither can recover, does not apply.

"The evidence shows that hours before the defendant came in and " abused the plaintiff as alleged, the plaintiff and *defendant's foreman* " had had a quarrel, and had roundly abused each other—the subject " of *this* quarrel being that the *foreman* was dissatisfied with the man- " ner in which the plaintiff had baked the bread.

"Whatever may be the merits or demerits of either the plaintiff or " the foreman, I do not decide.

"Whether one or both were in fault, does not affect the issue here. " Whatever that trouble may have been, the defendant, as proprietor, " was sent for and complaints were lodged with him against the " plaintiff; and, after a delay of some hours—plaintiff still going on " with his work—the defendant came to the bakery and began talking " to the plaintiff. Whereupon, plaintiff began denouncing the fore- " man; but, in no wise, abusing the defendant.

"Upon this, the defendant called plaintiff a thief, and applied. to " him other abusive language, in the presence of all who were in the " bakery; and ordered him to get his clothes and leave.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

"That defendant was annoyed and angry seems true, but, he had no

" excuse for abusing the plaintiff and calling him a thief. If he saw " proper to do so, he had a right to discharge the plaintiff, but not to " denounce him.

\* \* \* \* \* \*

"Unfortunately, men lose their tempers, and the defendant lost his, " and without just cause, or excuse, abused and slandered the plaintiff " as alleged in the petition.

"For this injury to his feelings, and assault upon his character, the " plaintiff is entitled to reparation."

Our appreciation of the evidence, does not differ from that of our learned brother of the District Court.

There is no doubt of the fact, that the defendant was greatly annoyed and troubled by the reports that had been made to him of the "trouble that existed between the manager of his bakery and the plaintiff as an employee; and that it had the effect of carrying him to the bakery, very early, on the following morning."

Yet, that was no ground or excuse for his epithets and abuse of the plaintiff, suddenly and upon the spur of the moment, in a public place, and in the presence of many persons; and his summary and instantaneous discharge from employment.

This case comes clearly within the rule announced in Spotorno vs. Fourichon, 40th Ann. 424; Savoie vs. Scanlan, 43rd Ann. 937; Weil vs. Israel, 42nd Ann. 955, and Warner vs. Clark, 45th Ann. 863.

But we do not think it a proper case for an increased allowance of damages.

Judgment affirmed.