(91 South. 300)

No. 24462.

GERNON v. MAILHES et al.

(March 13, 1922.)

*(Syllabus by the Court.)*

1. **Libel and slander** 114—Where the slanderous charge is made in the presence of slandered, who promptly denies it, nominal award is sufficient.

Where the slanderous charge is made in the presence of the party slandered, who promptly denies it, and the witnesses are not interested in the parties and not shown to have given the matter any further thought, the damages suffered by the plaintiff are negligible; and a nominal award, as a solace for wounded feelings, will suffice.

*(Additional Syllabus by Editorial Staff.)*

2. **Libel and slander** 121(2)—Where the damage from slander was negligible, a judgment for $4,000 reduced to $300.

An allowance of $4,000 in an action for slander, where the damages were negligible, *held* excessive, so that it should be reduced to $300.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Action by Mrs. Thomas Gernon against Mrs. Peter Mailhes and others. Judgment for plaintiff, and the defendants appeal. Modified and affirmed.

F. B. Davenport and J. S. Gautreaux, both of New Orleans, for appellants.

John D. Nix, Jr., of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. The only issue now involved in this case is the quantum of damages which should be allowed. Plaintiff charged that the defendants called her a vile name, and accused her of undue intimacy with their (the defendants') father. The defense is substantially justification.

[1, 2] The facts are that plaintiff, a respectable married woman, lived with her husband next door to defendants' parents, in a house which she rented from them. Their mother thought she saw signs of undue intimacy between her husband and plaintiff, whereof she promptly informed her daughters, the defendants, and thereupon the mother required plaintiff to move away; whilst she herself afterwards left her husband, and sought a judicial separation on the ground of cruel treatment.

All parties, however, continued to reside in the same neighborhood; and on the occasion in question defendants had heard of a quarrel between their parents (who had not yet separated), and went around to investigate, but their father forbade them his gate. As they turned away they observed plaintiff looking on, and saw (or thought they saw) her sneering and making faces at them. Whereupon, in their excitement, they called her a "big fat pig," and charged her with being the cause of the trouble. Plaintiff at once denounced this as a lie, as also did the father.

Only two outsiders heard the charge, and both also heard the denials. There is not the slightest evidence that these witnesses

were in the least interested in the parties, or gave, the matter any further thought.

The trial judge allowed $4,000, but in our opinion this was excessive. We think $300 sufficient; for the damage suffered by plaintiff is, under the circumstances, negligible, and a nominal award, as a solace for her wounded feelings, will suffice.

### Decree.

The judgment appealed from is therefore reduced from $4,000 to $300, and, as thus amended, it is affirmed; plaintiff to pay costs of appeal, and defendants to pay all other costs.