## LASSEIGNE v. TOLMAS.

July 11, 1927.  Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. **Libel and slander ⬯123(1)—In slander suit, credibility of witnesses was for jury.**

    In a slander suit, the credibility of witnesses was for the jury.

2. **Libel and slander ⬯121(2)—In policeman's slander suit against automobile owner because of being called a thief, $375 damages held excessive by $125, where special damage to reputation was not shown.**

    In a policeman's slander suit against the owner of an automobile who had called the police officer a thief because of the officer's having impounded the defendant's automobile, $375 damages was *held* excessive by $125, where only humiliation to the police officer and no special damage to his reputation was shown.

    O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Davis Lasseigne against Charles Tolmas. Judgment for plaintiff, and defendant appeals. Judgment amended, and, as amended, affirmed.

Woodville & Woodville, of New Orleans, for appellant.

McGiehan, Strauch & Gardiner and Edward A. Theard, all of New Orleans, for appellee.

LAND, J.  This is a slander suit in which plaintiff claims the amount of $5,000 as damages to his reputation and to his feelings.

Plaintiff is a police officer of the New Orleans police department.  On October 3, 1924, he found the automobile of defendant parked in front of a fire plug at the corner of Carondelet and Perdido streets, in violation of section 8 of article 3 of Ordinance 7490 of the city of New Orleans, known as the "Traffic Ordinance," and caused the automobile to be impounded, in accordance with the provisions of the ordinance.

Defendant afterwards called at police headquarters and paid to the clerk in charge of the impounded automobile department the impounding fee of $3, and obtained the release of his automobile.

It is alleged by plaintiff that, when informed by the clerk at police headquarters that his automobile had been impounded, defendant falsely, maliciously, and without probable cause, denounced plaintiff in the presence of the police clerk, the captain inspector of the police department, and several other officers, as "a thief," and declared, at the time, that he knew "the dirty officer" who had impounded his automobile, and could prove that he was "a thief."

Defendant denies the slander, and alleges in article 8 of his answer:

"That he did not call the officer who had taken his car to the station a thief, that he told the clerk he thought the car was stolen, but did not charge any one with stealing it, and called no one a thief, nor did he abuse or villify anybody."

In article 9 of his answer, defendant avers:

"That he did and said nothing to the plaintiff or anybody else, that he was aggravated and annoyed at his car having been taken to the station within ten minutes after he had left it, and that he paid the $3 necessary to get back his car, which he considered a great imposition, and only remarked that when he missed his car he thought it was stolen, and it was possible that his expression was mistaken and misunderstood by the clerk and was misinterpreted, as he did not charge the plaintiff with being a thief or anybody else."

The defense in this case is not that defendant called the plaintiff "a thief" because he

had impounded defendant's automobile, and as a mere matter of abuse; but defendant has expressly denied, in his answer, that he called plaintiff "a thief," or that he villified or abused him at all.

Defendant and his wife are the only witnesses on behalf of the defense who testify as to what occurred at police headquarters. They both deny that defendant charged plaintiff with being "a thief," and state that the only thing that defendant said at the time of paying the impounding fee was:

"I thought my car was stolen, and here I come and find my car in pound."

We are not impressed with defendant's contention that this statement, if made by him, misled the police officers into preferring a charge against him and arresting him for villification and abuse of plaintiff as a police officer, as was done in the present case.

Plaintiff's suit was tried before a jury, and a unanimous verdict for $375 damages was awarded in favor of plaintiff and was approved by the trial judge.

The evidence in the case is overwhelmingly to the effect that defendant denounced plaintiff as "a thief" at police headquarters, and declared that he could prove it, and that such denunciation was publicly made before several police officers, and was repeated by defendant to the captain inspector of police, when he was called in to investigate the matter.

[1] This is a case in which the credibility of witnesses is involved. It is the peculiar province of the jury to determine such a matter, and, as the finding of the jury as to the facts of the case has been approved by the trial judge, we shall not disturb the judgment of the lower court as to the facts, except as to the quantum of damages.

Plaintiff, as a police officer, enjoys a good reputation, which is not attacked in any way by defendant in his answer to the present suit.

[2] No special damage has been proven to the reputation of the plaintiff, who undoubtedly was humiliated to a considerable extent by the false and unfounded charge made against him by defendant. While damages in slander cases will be presumed from the falsity of a charge, made without probable cause, yet the injury in the present case is to the feelings of plaintiff, rather than to his reputation.

Considering all of the circumstances of the case, we have reached the conclusion that an award of $250 damages will meet the ends of justice.

It is therefore ordered that the judgment appealed from be amended by reducing the amount of said judgment from $375 to $250, and it is now ordered that said judgment, as amended, be affirmed, and that plaintiff, appellee, pay the costs of the appeal.

O'NIELL, C. J., dissents, being of the opinion that the evidence is not sufficient to sustain a judgment for the plaintiff.