## REEDER v. PACE.

### No. 16482.

Court of Appeal of Louisiana. Orleans.

Dec. 14, 1936.

114 ■ ▉

Cabral, Lenfant & Villere, of New Orleans, for appellant.

O'Brien & Little, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, a colored woman, alleges that the defendant, also a colored woman, on February 10, 1936, at a meeting of the Second Free Mission Baptist Church at New Orleans, slandered her by calling her a thief, and by saying that she stole funds belonging to the Twenty-Fourth McDonogh School. She prays for damages in the sum of $300 as a result of the defamatory remarks.

Defendant, in answer to the petition, filed a general denial.

At the trial below, the plaintiff proved the charges made in the petition, by herself and seven other witnesses, and also established that the defendant bore malice towards her.

The defendant, thereupon, attempted to demonstrate the truth of the disparaging words, and notwithstanding timely objection made by counsel for the plaintiff, that the evidence was inadmissible under the pleadings, the trial judge allowed the testimony. Thereafter he gave judgment in favor of the plaintiff in the sum of $125.

The defendant has appealed, and the plaintiff has answered praying that the award below be increased to the amount sued for.

■■ It is well settled, by a long line of jurisprudence, that justification in a slander suit is a special defense, and evidence tending to show the truth of the slanderous remarks may not be admitted under a general denial. See McClure v. McMartin, 104 La. 496, 29 So. 227; Turnbow v. Wimberly, 106 La. 259, 30 So. 747; Schwing v. Dunlap, 130 La. 498, 58 So. 162; Lorentz v. Thiesen, 140 La. 663, 73 So. 717. The defense of justification or truth is a plea of confession and avoidance, whereby the defendant admits the utterance of the words but seeks to excuse his conduct by asserting that the plaintiff's character was not defamed because the remarks are true. He who pleads justification assumes the burden of proof, and such plea is totally inconsistent with a denial that the words were uttered.

■ The trial judge seemed to have been of the opinion that, while the evidence tendered by the defendant is not admissible for the purpose of justifying the slander, the evidence is admissible in mitigation of damages, inasmuch as the plaintiff had tendered proof to show that the defendant was actuated by malice. But we feel that he erred in this respect, as proof of the truth of the slander is a complete defense, and if the judge believed the testimony, he would be bound to dismiss the suit. The objection of counsel for the plaintiff to the evidence offered by the defendant should have been sustained.

During the trial, counsel for the defendant filed an exception of no cause of action. It suffices to say that this exception is without merit.

■ The plaintiff having proved her case by a preponderance of evidence, it is only necessary to consider the quantum of damages.

In Miller v. Roy, 10 La.Ann. 231, plaintiff was allowed $300 for being called a thief. In Savoie v. Scanlan, 43 La.Ann. 967, 9 So. 916, 26 Am.St.Rep. 200, the Supreme Court reviews the jurisprudence and shows that in most cases the quantum of damage is not less than $500. In Jozsa v. Moroney, 125 La. 813, 814, 51 So. 908, 27 L.R.A.(N.S.) 1041, 19 Ann. Cas. 1193, the court held that in Louisiana no special damages need be proved, and the plaintiff was therein allowed $300.

On the whole, it seems that our courts have been inclined to grant larger damages than was given in the instant case, and while the awards are not entirely uniform, still, in most of the cases where the slander was unaccompanied by proof of actual damage, the amount of the judgment has been nearer $500. In view of the foregoing, we believe that the judgment of the court below is inadequate, and that it should be increased to the sum of $300, which is the amount sued for.

For the reasons assigned, the judgment appealed from is amended by increasing the amount thereof to $300, and as thus amended, it is affirmed, with costs.

Amended and affirmed.