179 So. 315

**LEWIS v. LOUISIANA WEEKLY PUB. CO., Inc.**

No. 34588.

Feb. 7, 1938.

Normann & Bethea and Harold M. Rouchell, all of New Orleans, for appellant.

John A. Woodville, of New Orleans, for appellee.

HIGGINS, Justice.

The plaintiff sued the Louisiana Weekly Publishing Company, Inc., for damages said to have resulted from an alleged libelous article published in its weekly newspaper. Defendant pleaded the truth of the statements contained in the article. There was judgment in favor of the plaintiff for the sum of $250, and the defendant appealed. Plaintiff answered the appeal, asking that the amount awarded be increased.

Plaintiff complied with the provisions of an Act of the Legislature of 1928, Act No. 135, and secured a license to operate an employment agency. He charged a fee of 50 cents for registering applicants, $2 for securing a job that paid $7 per week, and $3 for securing a job that paid over $7 per week.

Julia Banks, an elderly negro woman registered with the plaintiff and paid the usual fee. For a period of five weeks, efforts were made to secure her a job, and she was sent to prospective employers who failed to

employ her. She demanded the return of her registration fee and an argument ensued between plaintiff and herself in which she states that she was insulted and abused.

As a result of the altercation, the defendant's newspaper published the following article on page 5 of its weekly publication:

"Exorbitant Fees Charged for Jobs, Says Worker.

"Mrs. Julia Banks, 1519 LaSalle Street, complains to a Weekly reporter that Louis' Reliable Colored Agency, 2605 Danneel Street, charges exorbitant fees. She states that she paid Lewis 50 cents to furnish her a job. On returning every day for about five weeks, Lewis failed to furnish said job. Mrs. Banks once more called on Lewis and was told she would have to give him $5.00 cash in advance before he would furnish her any employment. Mrs. Banks replied that she couldn't afford to pay $5.00, and asked for her 50¢ back.

"Lewis, it is said told Miss Banks that he did not have to furnish her with work. He also made mention of the fact that he charged $2.00 for jobs up to seven per week, and $3.00 for jobs over $7.00. An investigation is being conducted by Weekly reporters."

While the editor of the paper states that Julia Banks and her daughter gave him the information contained in the article, before he published it, these two women testified that they did not speak to the editor until after he had published the article, and were not responsible for its appearance. The editor states that he made two trips to the plaintiff's office for the purpose of securing his version of the affair, but as he was not available, and the time for printing the paper had arrived, he allowed the article to be published.

■ The defendant, having pleaded the truthfulness of statements contained in the article, assumed the burden of proving them. Without narrating the evidence, it is sufficient to say that the defendant did not sustain the burden of proof and the evidence clearly supports the finding of fact of the trial judge.

■ Defendant contends that the article is not libelous in character, but a fair criticism and comment by the newspaper upon a matter of public interest. It is argued that the purpose of the article was to prevent imposition upon ignorant negro people and that great latitude should be allowed the newspaper in matters of this kind. This may be an argument in mitigation of damages, but it is not a defense to a libel suit where the damaging statement contained in the article was untrue.

We conclude that the defendant is liable.

Defendant, in the alternative, contends that the amount awarded was excessive and exorbitant and should be materially reduced, because of its financial condition. Plaintiff says $250 is inadequate.

The evidence shows that this weekly publication has a circulation of 5,000 copies. While its editor states that it is not making money, he admits that it has continued in business for several years. Defendant

may not be prosperous, yet, it is not without means.

In the case of Naihaus v. Louisiana Weekly Publishing Co., 176 La. 240, 145 So. 527, where a merchant was charged with similar misconduct and imposition by this defendant, we affirmed the verdict, allowing $350.

In matters of this kind, the judgment of the trial judge is to be given much weight. It is our opinion that the amount awarded in this case is neither excessive nor inadequate, since neither malice on defendant's part nor business losses by plaintiff were shown.

For the reasons assigned, the judgment is affirmed; all costs to be paid by defendant.

FOURNET, J., absent.