## EDWARDS v. DERRICK.

### No. 34605.

June 26, 1939.

Rehearing Denied July 14, 1939.

Frank A. Blanchard and Ruvian D. Hendrick, both of Shreveport, and J. Reuel Boone, of Many, for appellant.

J. S. Pickett, of Many, and Cawthorn & Golsan, of Mansfield, for appellee.

O'NIELL, Chief Justice.

The plaintiff is appealing from a judgment rejecting his demand for $20,000 damages for slander.

The utterances complained of as being slanderous were made during a political campaign, in which the plaintiff, Edwards, and the defendant, Derrick, were rival candidates for the office of sheriff. Edwards was then sheriff and Derrick had been one of his deputies. Derrick was also a member of the police jury. He reported to the police jury that the sheriff was guilty of misappropriating funds belonging to his salary account. One of the complaints was that the sheriff was drawing more money than was necessary for traveling expenses, in conveying prisoners to the penitentiary, and insane persons to the asylum, and in bringing back fugitives from justice. Another complaint was that the sheriff had pretended to pay a deputy, named Riddick, a salary of $100 per month, and had issued checks to him for that amount, when in fact he paid the deputy only $50 per month, and paid it in cash. The police jury appointed a special committee to investigate the matter, and the committee, after making the investigation, reported that the charges which Derrick had made against the sheriff were true. An affidavit was made against the sheriff, and he was arrested and released on bond. Thereafter the grand jury met and investigated the case, but did not find a true bill. Meanwhile several audits were made by auditors representing the supervisor of public accounts, and they reported that the sheriff was not guilty of embezzlement, or of misappropriation of public funds, or guilty of any malfeasance in office. The judge of the district court found, from the evidence, that the sheriff was completely exonerated and absolved of the accusations which had been made against him. From our examination of the evidence, we concur in the judge's finding.

It was more than a year after the sheriff was exonerated by the grand jury and by the state auditors when Derrick, in the political campaign, made the accusations which form the basis of this suit for slander. The accusations were made on four separate occasions, and were repetitions of the charges which Derrick had made to the police jury, and of which the sheriff was exonerated and virtually acquitted. According to the allegations in the plaintiff's petition, and according to the testimony of his witnesses, the accusation was that the sheriff had stolen money from the parish. The defendant, in his answer to the suit, and in his testimony as a witness in the case, denied that he had made "the exact statements" attributed to him, but he admitted that he had made the statement publicly, on the occasions referred to, that the record in the sheriff's office, and other information in his, the defendant's, possession, had indicated and showed to his satisfaction that the sheriff had misappropriated funds belonging to the parish. The defendant specially pleaded that the statements which he made at the times and places referred to in the plaintiff's petition, "relative to the misappropriation of funds by the plaintiff," were true.

The judge of the district court found from the evidence—and we concur in his finding—that the defendant did, on the occasions stated in the plaintiff's petition, accuse him publicly of having misappropriated public funds entrusted to him as

sheriff. When the judge found also that the accusations were not true he should have given the plaintiff a judgment for damages. The reasons given by the judge for rejecting the plaintiff's demand for damages, are, first, that the defendant believed that the accusations were true, and hence made them in good faith, or on what the judge considered probable cause, and, second, that the plaintiff did not prove that he had suffered any damages.

When a person accuses another of an act of dishonesty, and it develops that the accusation is untrue, the accuser is not protected from liability for damages by the fact that he made the accusation upon what he considered reasonable ground to believe the accusation to be true, unless the accusation was a privileged communication.

The defendant in this case did not plead that the accusations which he made against the sheriff after the sheriff was exonerated were privileged communications. And in fact the accusations were not privileged communications, because they were not made in pursuance of a duty on the part of the defendant. That is demonstrated by the determined way in which the accusations were repeated after the sheriff was exonerated. If one who makes a defamatory accusation is not shielded by its being a privileged communication, it will be no justification or defense that he believed the charge to be true, when in fact it was not true. 36 C.J. p. 1234, § 195, citing decisions rendered in seventeen jurisdictions; Newell on Slander and Libel, 4th Ed., p. 381, § 342.

Under the guaranty of the liberty of speech a person may go very far in his criticism of the official conduct of public officers, but he must bear in mind that the Bill of Rights itself holds him "responsible for the abuse of that liberty"; and when he attacks the personal character or the honesty of purpose of a public official he must be prepared to prove the truth of his accusation, or suffer the consequence.

To accuse a person of an act of dishonesty is injurious per se, and implies the kind of malice which consists of a wanton or negligent disregard of the rights of others; and, although evidence of actual malice, and of specific injury, is admissible in an action for damages for such a slander, such evidence is not essential to the right of recovery. Cauchoix v. Dupuy, 3 La. 206, 208; Tresca v. Maddox, 11 La.Ann. 206, 66 Am.Dec. 198; Perret v. New Orleans Times Newspaper, 25 La.Ann. 170; Staub v. Van Benthuysen, 36 La.Ann. 467; Williams v. McManus, 38 La.Ann. 161, 58 Am.Rep. 171; Spotorno v. Fourichon, 40 La.Ann. 423, 4 So. 71; Weil v. Israel, 42 La.Ann. 955, 8 So. 826; Savoi v. Scanlan, 43 La.Ann. 967, 9 So. 916, 26 Am.St.Rep. 200; Warner v. Clark, 45 La.Ann. 863, 13 So. 203, 21 L.R.A. 502; Taylor v. Ellington, 46 La. Ann. 371, 15 So. 499; Tarleton v. Lagarde, 46 La.Ann. 1368, 16 So. 180, 26 L.R.A. 325, 49 Am.St.Rep. 353; Fellman v. Dreyfous, 47 La.Ann. 907, 17 So. 422; Harris v. Minvielle, 48 La.Ann. 908, 19 So. 925; Fitzpatrick v. Daily States Publishing Co., 48 La.Ann. 1116, 20 So. 173; Mequet v. Silverman, 52 La.Ann. 1369, 27 So. 885.

There is no proof of specific injury in this case. Only one witness testified that the plaintiff probably lost a vote for sheriff on account of the accusation which - the defendant made against him. Every witness who was asked whether the accusation had affected his opinion of the plaintiff said that it had not. The lineup of decided cases similar to this case, in our jurisdiction, shows that the minimum amount of damages allowed is $300, and the maximum $900, and that the average allowance in six similar cases was a little more than $500. We have concluded, therefore, that an allowance of $500 will do justice in this case.

The judgment appealed from is annulled, and it is now ordered, adjudged and decreed that the plaintiff, Eustace L. Edwards, shall recover of and from the defendant, Dolphus J. Derrick, the sum of five hundred dollars ($500) with legal interest from April 15, 1936, the date of judicial demand, and the costs of this suit.