**Mrs. Estelle BACHARACH, wife of
Eugene A. Chretien**

v.

**F. W. WOOLWORTH COMPANY and the
Travelers Insurance Company.**

**Civ. A. No. 8987.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 3, 1963.

Frederick P. Heisler, New Orleans, La., for plaintiff.

Charles W. Lane, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant.

WEST, District Judge.

This is a suit brought by the plaintiff, Mrs. Estelle Bacharach, wife of Eugene A. Chretien, demanding dam-

ages in the sum of $125,000 allegedly resulting from false arrest, false imprisonment, invasion of privacy, and libel and slander. The incident out of which this suit arose occurred in a store owned and operated by respondent, F. W. Woolworth Company, in Gretna, Louisiana. The plaintiff alleges that on or about August 16, 1958, she was falsely accused by Mr. Seago, the manager of the store, of having attempted to steal some merchandise for which she did not intend to pay. She further alleges that she was detained and not permitted to leave the store until she had "disgorged" the contents of her purse on a counter in full view of "all of the customers in the store". She alleges that this incident consumed some 35 or 40 minutes, and attracted a "crowd of between thirty and forty people", causing her extreme humiliation and embarrassment. She demanded the sum of $25,000 for false arrest; $25,000 for false imprisonment; $25,000 for false accusation; and $50,000 for humiliation and embarrassment.

Respondents admitted that the incident did occur, but contend that they had probable cause to suspect the plaintiff and thus were justified under the provisions of LSA–R.S. 15:84.5, et seq. in questioning the plaintiff. They further allege that the incident was handled discreetly, and that the entire incident did not consume but a very few moments, and went practically unnoticed by other customers.

A motion was filed by respondents, prior to trial, to dismiss on the grounds that the amount in controversy did not exceed the required jurisdictional amount of $10,000. This motion was, at that time, denied. The case then came on for trial, before a jury, on November 30, 1962, and after hearing all of the plaintiff's evidence, the Court, on its own motion, dismissed the case for lack of jurisdictional amount.

■■ Ordinarily the sum claimed by the plaintiff controls insofar as jurisdictional amount is concerned if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the required jurisdictional amount to justify a dismissal. Harris v. Illinois Central Railroad Co., 5 Cir., 220 F.2d 734; Payne v. State Farm Mutual Automobile Insurance Co., 5 Cir., 266 F.2d 63; Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. But, if after hearing the proofs, the Court is satisfied to a legal certainty that the plaintiff was never entitled to recover the minimum jurisdictional amount, the suit should be dismissed. Fireman's Fund Insurance Co. v. Railway Express Agency, Inc., 6 Cir., 253 F.2d 780.

The plaintiff's proofs established, to a legal certainty, the following facts:

1. On August 16, 1958, Mr. Seago, the Woolworth store manager, suggested to the plaintiff that she might have some merchandise in her purse for which she had not paid.

2. Plaintiff denied this to Mr. Seago, and then, voluntarily, and without any demand from Mr. Seago, emptied the contents of her purse onto a counter.

3. She did not have any merchandise therein for which she had not paid.

4. Mr. Seago did not in any way forceably detain the plaintiff, and never physically touched her in any way.

5. Mr. Seago was very polite and mannerly during this incident and then, after finding that he was mistaken, he politely and profusely apologized.

6. The entire incident could not have taken over three to five minutes at the very longest.

7. Plaintiff was damaged in no other way than the humiliation and embarrassment which she experienced during this confrontation. She was not employed at the time, and she readily admitted that this affair in no way impaired her ability to subsequently procure employment. She further readily admitted, and in fact, insisted that her reputation had in no way been impaired because, as she stated, "everybody knew" that she had done nothing wrong.

8. Mrs. Gloria Douroux, a friend who was right with the plaintiff when this incident occurred, could not even hear what Mr. Seago said. She testified that the plaintiff's reputation had not in any way been impaired by this incident.

9. While the plaintiff's sister, Mrs. Melvin Packard, stated that "20 or 30 persons" could have seen the incident, nevertheless it was her testimony that the plaintiff's reputation was in no way impaired by this incident.

10. It was stipulated that if three other particular witnesses, all relatives of the plaintiff, were called to testify, their testimony would be to the same effect as that given by the other witnesses.

11. None of the other "thirty or forty" customers who allegedly were attracted by this incident were produced as witnesses by the plaintiff.

This was the plaintiff's case.

 The law of Louisiana does not allow the awarding of punitive or speculative damages. Damages awarded under Louisiana law must be only such as will fairly and reasonably compensate the injured party for the injuries or damages which, as found by a preponderance of the evidence, he or she sustained as a proximate result of the incident involved.

 After considering the proofs presented by the plaintiff, and after due consideration of the Louisiana jurisprudence relative to claims of this nature, it is concluded that the amount of damages demanded by the plaintiff herein is not made in legal good faith. It is further concluded that the proofs adduced by plaintiff established to a legal certainty that she was never entitled to recover any amount in this case even remotely approaching the minimum jurisdictional amount necessary to confer jurisdiction upon this Court. See Gernon v. Mailhes, 150 La. 927, 91 So. 300; Reeder v. Pace, La.App., 171 So. 113; Searcy v. Interurban Transportation Co., 189 La. 183, 179 So. 75; Lewis v. La. Weekly Publishing Co., 189 La. 281, 179 So. 315; Edwards v. Derrick, 193 La. 331, 190 So. 571; McKnight v. Scott, La.App., 130 So.2d 681; Abraham v. The Boat Center, Inc., La.App., 146 So.2d 23.