168 So.2d 370 (1964)
Odell LAMARTINIERE, Plaintiff and Appellee,
v.
Arthur DAIGREPONT et al., Defendants and Appellants.
No. 1232.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
*371 Laborde, Lafargue & Brouillette, by Harold J. Brouillette, Marksville, for defendants-appellants.
Ben C. Bennett, Jr., Marksville, for plaintiff-appellee.
Before CULPEPPER, SAVOY and HOOD, JJ.
HOOD, Judge.
This is an action for damages instituted by Odell Lamartiniere against Mr. and Mrs. Arthur Daigrepont, based on allegations that defendants uttered slanderous and defamatory statements about plaintiff. After trial on the merits, judgment was rendered by the trial court in favor of plaintiff and against both defendants, in solido, awarding damages for the aggregate sum of $1,000.00. Defendants have appealed.
The evidence shows that on May 28, 1961, while plaintiff and at least four other persons were engaged in cutting down a small tree located near a public highway, the defendants approached them and protested the cutting or destruction of the tree. The plaintiff continued the cutting operations, however, and defendants thereupon, while standing on the highway and in the presence of others, used some abusive language toward plaintiff, which included statements to the effect that plaintiff was "low down trash" and that he had "stolen" everything that he had.
The evidence is conflicting as to exactly what was said and as to what transpired on that occasion. The trial judge, however, after analyzing all of the evidence in his excellent written reasons for judgment, concluded:
"Without any reason that the Court could determine, defendant and his wife began cursing and uttering other profane and defamatory remarks to plaintiff such as he was `low down trash' and words and statements made concluding that plaintiff had `stolen' everything he acquired. By this time, a small crowd was gathering because of the loud and profane language being used by defendant, but nevertheless, the Court finds that defendant kept up his derogatory and malicious statements about plaintiff and his business, all of which statements were being uttered and directed at plaintiff in a loud and audible tone of voice. Defendant made several comments to the effect that someone should `kill' plaintiff and he thought he might do so; therefore, because of the seriousness of the statements, Major Henderson of the Sheriff's office was summoned to quell the argument.
"Although there were other statements made by defendants to plaintiff concerning his character, namely, that he was a cheat, that he was trash, that he was crazy, etc., the court felt that these statements made at the time and in the manner in which they were made and uttered amounted to slander and defamation. Moreover, they were malicious in their nature and so false that defendant did not even attempt to prove the truthfulness of them or offer any reason for his having uttered same. In a word, the statements made had not one iota of truthfulness in them."
*372 Some of the witnesses testified that plaintiff also made uncomplimentary or defamatory remarks about defendants, and that there was a mutual exchange of opprobrious epithets and abusive language between plaintiff and defendants at that time. The trial judge concluded, however, that the above quoted statements and accusations which were uttered by defendants were made "without plaintiff having uttered one word to defendant."
Defendants correctly point out that under the jurisprudence of this state, suits for libel and slander partake more or less of the nature of a criminal accusation, and the preponderance of proof required for making out plaintiff's case should be greater than in ordinary civil actions. See Dickerson v. Dickerson, 197 La. 907, 2 So.2d 643; Sterkx v. Sterkx, 138 La. 440, 70 So. 428; and D'Echaux v. D'Echaux, 133 La. 123, 62 So. 597.
Our jurisprudence, however, is also established to the effect that the trial judge's findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight on appeal, and will not be disturbed unless found to be clearly erroneous. See Martin v. LeBlanc, La.App. 3 Cir., 157 So.2d 283, and authorities cited therein.
A finding of facts in the instant suit involved a determination by the trial judge of the credibility, or weight, which should be attached to the statements of the witnesses who testified at the trial. The record contains evidence which, if accepted as true, is sufficient to support the findings of the trial court, and we note that the trial judge specifically mentioned in his reasons for judgment that he is personally acquainted with some of the witnesses.
After reviewing all of the evidence and considering the facts which we have just mentioned, we are unable to say that the trial judge erred in concluding: (1) That the defendants stated in the presence and hearing of others that plaintiff was "low down trash", and that he had "stolen" everything that he had; and (2) that plaintiff did not utter opprobrious epithets or defamatory statements about defendants.
In Savoie v. Scanlan, 43 La.Ann. 967, 9 So. 916, our Supreme Court said:
"The statement, publicly and seriously made, that a reputable citizen is a `rogue', and that he had stolen everything he owned, and that these charges could be proven by simple reference to the parochial archives, constitute a slander per se. * * *
"It is true that there is no direct proof of malice on the part of the defendant in giving utterance to the slander, but, on the contrary, the defendant states, as a witness, that he entertained neither malice nor ill will against the plaintiff at the time it was uttered; yet, in such case, the law imputes malice to the act, on account of its character, for the use of opprobrious epithets implies malice when they are slanderous per se. It suffices to maintain an action to recover damages without proving special injury to the party defamed."
And, in Edwards v. Derrick, 193 La. 331, 190 So. 571, where the defendant publicly accused the plaintiff of having stolen money from the parish, the court held:
"To accuse a person of an act of dishonesty is injurious per se, and implies the kind of malice which consists of a wanton or negligent disregard of the rights of others; and, although evidence of actual malice, and of specific injury, is admissible in an action for damages for such a slander, such evidence is not essential to the right of recovery."
The evidence in the instant suit shows that considerable animosity existed between plaintiff and the respondents at the time this incident occurred, and that such a feeling had existed for some time prior thereto. From these facts it could logically be inferred that there existed actual malice on the part of defendants in making these *373 statements. As shown by the above cited authorities, however, it is not essential to the right of recovery that plaintiff show actual malice on the part of the defendants, since the statement or accusation that plaintiff had "stolen" everything that he had is slanderous per se, and is of such a nature that malice on the part of the utterer is implied. No evidence was introduced tending to prove the truthfulness of the slanderous statements made by defendants.
We find a number of cases in which the courts have held that statements similar to those involved in this suit are slanderous and are sufficient to justify an award of damages. See Simpson v. Robinson, 104 La. 180, 28 So. 908; Caspar v. Prosdame, 46 La.Ann. 36, 14 So. 317; Poissenet v. Reuther, 57 La.Ann. 965, 25 So. 937; Fatjo v. Seidel, 109 La. 699, 33 So. 737; Lasseigne v. Tolmas, 164 La. 529, 114 So. 122; and Fitzpatrick v. Zedaird Realty Co., 10 La.App. 306, 121 So. 680.
We conclude, as did the trial judge, that the statements made by each of the defendants about plaintiff on this occasion were slanderous and defamatory per se, that there was not a mutual exchange of argumentative remarks between plaintiff and defendants, and that plaintiff is entitled to recover from defendants the damages he sustained as a result of these slanderous remarks.
The trial judge awarded plaintiff the sum of $250.00 for "loss of business", and the sum of $750.00 for mental anguish and anxiety, making a total award of $1,000.00.
In his petition, plaintiff did not allege any facts as a basis for his demand for damages for "loss of business", and the only evidence which was offered to support such a claim was his own testimony to the effect that his business dropped off and his sales tax remittances to the state decreased after the slanderous remarks were made.
According to plaintiff's own testimony, and assuming that his estimate as to the average amount he remitted monthly during that period as sales tax collections is an accurate indication of the amount of business he transacted at his grocery store, it appears that his business declined rapidly before the slanderous statements were made, and that there was an increase in business during the calendar year which immediately followed the one in which this incident occurred. In our opinion, therefore, the evidence fails to support the award of damages for "loss of business," and the amount of the award made by the trial court should be reduced accordingly.
We think the award of $750.00 for damage to plaintiff's reputation and for humiliation is fair and is not excessive.
For the reasons herein set out, the judgment appealed from is amended by reducing the amount of the award from $1,000.00 to the sum of $750.00, and as thus amended, the judgment is affirmed. The costs of this appeal are assessed to defendants-appellants.
Amended and affirmed.