BARNETTE, Judge.
This is an appeal by defendant from a judgment granting a permanent injunction in favor of plaintiff and awarding him damages for libel and slander. Plaintiff answered the appeal seeking an increase in the award.
Plaintiff, Nathan Greenberg, an attorney at law, in seeking injunctive relief, alleged that on numerous occasions defendant, Anna Shirley Burglass De Salvo,[1] without just cause or provocation, maliciously and falsely accused him of personal and professional dishonesty and insulted him by “vile epithets,” “curses,” and “abuses” in a loud voice in the hearing of third persons. Plaintiff further alleged that as a result of these attacks, which he brands as slanderous and libelous, his good name and reputation as an attorney was injured and therefore he is entitled to damages. In support of his allegations, he cited and proved specific instances where defendant had called him, inter alia, a “crook,” “a crooked lawyer,” and a “slimy kike.” Appellant pleads truth as her sole defense.
Judgment was rendered in favor of plaintiff granting him the injunctive relief *640 sought and an award of $1,500 in damages. Mrs. De Salvo has appealed.
The record reveals that on numerous occasions over a period of years defendant has been involved in various legal matters affecting her own or her family’s property in which she had an actual or potential interest. There has been some litigation involving these matters and over the years many lawyers and other people have become involved as a result of Mrs. Burglass’ complaints. She has made serious charges of mismanagement and wrongdoing against her former attorneys, business partners, and other persons. Allegations of wrongdoing were made against many individuals having only incidental or remote connection with the transactions. In the course of trial below she made accusations or insinuations of evil complicity against certain named judges and lawyers.
Much of the lengthy record before us on this appeal is argumentative and irrelevant to the issues before the court. Mrs. De Salvo argues, however, that its contents support her charges that she and her family were “swindled” or were the “victims of a shakedown” as the result of evil design and complicity between plaintiff and numerous other individuals. A reading of the voluminous record of testimony and exhibits through which we have labored does not reveal any evidence to support defendant’s allegations.
The reasons for judgment given by the trial judge so well dispose of the issues in the case that, except with respect to quantum of damages, we adopt the same as the opinion of this court:
“This is an action seeking to enjoin the defendant from continuing to utter and publish defamatory statements reflecting upon the plaintiff’s personal and professional honesty and to recover damages for the injury caused to his reputation. The defendant pled the truth of her statements as a bar to the plaintiff’s right of recovery.
“The defendant appeared in proper person and acted as her own counsel, which primarily accounts for the fact that the trial of this matter consumed four (4) days and the record is replete with irrelevant and immaterial testimony. Being aware that Mrs. De Salvo is not skilled in trial procedures or in the technical rules of evidence, the Court felt that she should be granted extreme latitude in the presentation of her case, in order to afford her every opportunity to have her day in Court. By stipulation, the evidence adduced on the trial of the preliminary injunction was tendered and offered in support of the merits on the final injunction.
“The gist of the petition is that the defendant, at various times and places, did maliciously and falsely accuse the plaintiff, insult and abuse him, all of which was done in a loud voice and in the presence of others. As a result of these unwarranted attacks, the plaintiff was embarrassed and humiliated and his good name and professional reputation was injured and damaged.
“On the trial of this matter, Mrs. De Salvo readily acknowledged that she called the plaintiff ‘a crook and a crooked lawyer’, on many occasions and places including the Civil District Court building in Orleans Parish and the Jefferson Parish (Courthouse. Based upon her own testimony it must be concluded that she had no hesitancy in addressing Mr. Greenberg in this manner, wherever and whenever she met him, without regard to the time, place, or persons present. In fact she stated from the witness stand: T now call him a crooked lawyer and also I now call him a liar’. The evidence further reflects that on November 26, 1965, she created a disturbance in the plaintiff’s law office, during the course of which she shouted that Mr. Greenberg was a ‘slimy kike’, which was overheard by the personnel in the adjoining offices.
“It is beyond dispute that these utterances of the defendant are libelous, slanderous and defamatory. By their very nature they impugn and malign the plain *641 tiff’s personal honesty and disrepute his professional reputation.
“Were these statements made with malicious intent by the defendant? This query must be unequivocally answered in the affirmative. This conclusion is warranted from the very content of the statements which are calculated or designed to discredit the personal character of Mr. Green-berg and to destroy his professional integrity. The reason advanced by the defendant for doing so, is absurd. She testified she called the plaintiff a crook and a crooked lawyer because she wanted to talk to him, which he refused to do. She further stated she did so to ‘warn prospective buyers’ but not to embarrass him since ‘nothing embarrasses him’.
“In the opinion of the Court the defendant’s statements were motivated by revenge and vindictiveness with the sole intent to embarrass, insult and humiliate the plaintiff with the hope that it could cause the loss of his reputation and ruin his professional practice. The fact that Mrs. De Salvo usually made these statements to the plaintiff in the presence of others and in public places, at least indicates, if not substantiates, her intention to injure Mr. Greenberg.
“Urged as her sole defense is the truth of her statements, that is, the plaintiff is in truth and fact a crook and a crooked lawyer. The record does not sustain the defendant’s contention. A careful consideration of all evidences presented, and particularly that submitted by the defendant herself, is totally and completely devoid of any dishonest, unethical or reprehensible actions by the plaintiff. On the contrary, whenever the plaintiff was involved in a professional capacity with the defendant, he conducted himself in accordance with the highest ethical principles and the exercise of his professional judgment was free of any other influences or factors, save and except the best interest of his client. Despite the defendant’s many complaints of .misrepresentation and alleged wrong doings by the plaintiff, there is not a single instance where it has been indicated, much less proven, that Mr. Greenberg benefited, either directly or indirectly, to the detriment of Mrs. De Salvo or any other client.
“The Court is convinced that the defendant knew her charges of dishonesty were baseless and without foundation in fact. However, if due to spite or other fancied grievances, she arbitrarily refuses to acknowledge a fact which would be apparent to any reasonable person, she cannot be held to deny its existence or to escape liability by pleading a belief to the contrary. From the facts adduced, Mrs. De Salvo in accusing the plaintiff of dishonesty, has clearly evidenced complete and'utter disregard for the truth.
“The Court therefore concludes that the defendant did knowingly, maliciously, and falsely make statements calculated to insult, embarrass and humiliate the plaintiff. They were uttered to intentionally hold Mr. Greenberg in disrepute by discrediting his character and destroying his professional reputation. They were calculated to deprive him of his good name and standing in his profession and to cause him a loss of income. The plaintiff is entitled to injunctive relief to protect him against further utterances of these defamatory statements by the defendant and to secure for him his constitutional right of privacy and to guarantee the practice of his profession without being subjected to further harassment, insults, and slanderous remarks by Mrs. De Salvo.
“The Court finds that the actions of the defendant were tortious and the plaintiff is entitled to be compensated for the injury and damage to his reputation. No evidence was presented to establish any loss of income sustained by the plaintiff as a result of the defendant’s statements and no other specific items of special damage were proven. Therefore, it must be presumed that only the damage to the plaintiff’s reputation is involved.
*642 “It is indeed difficult to determine the quantum of damages to be awarded, for how does one value a person’s reputation without entering into the realm of speculation or becoming punitive.
“The Court feels that the primary objective of this litigation is to obtain injunctive relief and that the monetary award is secondary. Another factor is the degree or extent of circulation the defamatory statements received at the time of utterance. Admittedly it was confined to the people within the hearing of the defendant’s voice and therefore extremely limited. Even though repeatedly made at various times and places, it cannot be characterized as one of general circulation in the community. Finally, the ability of the defendant to respond in damages must also be taken into consideration and is very limited.
“The plaintiff enjoys an extremely high and enviable reputation for personal integrity and professional ability, which are invaluable to him as an attorney. However, because this action was instituted principally to prevent the defendant from continuing her unwarranted attacks and not for the monetary benefits and further, in view of the defendant’s inability to respond to a more substantial judgment, the Court is of the opinion that the sum of $1,500.00 is an equitable award to Mr. Greenberg, under these circumstances.
“The plaintiff also seeks to have the Court enjoin the defendant from distributing, exhibiting, or circularizing certain letters. This request is denied since the relief sought is not demanded in nor does it form a part of the original pleading. During the course of trial, these letters were introduced into evidence for the restricted purpose of proving the extent of the defendant’s malice and the Court will not permit their additional use as a basis for enlarging the pleadings.
“The defendant in her answer pleaded set off against any monetary judgment which may be awarded to the plaintiff; however, she failed to prove any indebtedness due by Mr. Greenberg to her. Her exception of prescription is also overruled since the acts complained of in the petition occurred within one year of the date of the filing of this action.”
There can be no question of the correctness of the foregoing conclusion of the trial judge, either in fact or law. Factually there is no denial by the defendant that the slanderous and libelous statements were made. As pointed out by the trial judge, the defendant stated in open court that plaintiff was a “crooked lawyer” and a “liar.” The finding of fact that defendant failed completely to srfbstantiate her only defense of truth with any evidence whatever is so clearly correct that no serious argument to the contrary can be made. The defendant, nevertheless, argues her belief strenuously. She appears to be a very intelligent person, but seems unable to distinguish between fact and fancy in respect to matters concerning her business relationship with the plaintiff. It is no defense that she herself believes the statements to be true.
“When a person accuses another of an act of dishonesty, and it develops that the accusation is untrue, the accuser is not protected from liability for damages by the fact that he made the accusation upon what he considered reasonable ground to believe the accusation to be true, unless the accusation was a privileged communication.” Edwards v. Derrick, 193 La. 331, 190 So. 571, 572 (1939).
There is ample authority in our jurisprudence to support the legal conclusion of actionable liability.
“To accuse a person of an act of dishonesty is injurious per se, and implies the kind of malice which consists of a wanton or negligent disregard of the rights of others; and, although evidence of actual malice, and of specific injury, is admissible in an action for damages for such a slander, such evidence is not essential to the right of recovery. [Citing *643 numerous cases.]” Edwards v. Derrick, supra, 190 So. at 573. Savoie v. Scanlan, 43 La.Ann. 967, 9 So. 916 (1891); Lamartiniere v. Daigrepont, 168 So.2d 370, La.App. 3d Cir. (1964); Sciortino v. Batt, 164 So.2d 136, La.App. 4th Cir. (1964); Cavalier v. Original Club Forest, 59 So.2d 489, La.App. Orleans (1952).
The award of damages in cases of this kind must of necessity be largely within the discretion of the court, for it is impossible to prove a measurable damage to one’s reputation by slanderous and libelous statements, the injury to one’s feelings by humiliation, or a specific loss in business or professional practice. Gladney v. De Bretton, 218 La. 296, 49 So.2d 18 (1950); Lamartiniere v. Daigrepont, supra. It is undisputable that plaintiff has suffered some damage. In determining the extent of these damages much discretion must be left to the trial judge.
The trial judge sought to justify the award of $1,500 on the basis that the primary object of this suit is to stop defendant’s harassment and continual subjection of plaintiff to insulting and humiliating remarks, and that the award of damages was secondary. Further he took into consideration defendant’s inability to respond to a more substantial judgment. We have the highest regard for the opinion of the trial judge and his capacity to exercise discretion wisely. Apparently he gave consideration to matters of which he must have had some personal knowledge not disclosed by the record. We must render such judgment as is just, legal and proper upon the record on appeal. LSA-C.C.P. art. 2164. We fail to find any. evidence in the record of defendant’s financial means and must hold that on the record before us the discretion of the trial judge is not fully justified in this respect.
We are unwilling to write into the jurisprudence of this State an opinion which may be construed as meaning that an attorney’s professional and personal reputation is worth such a nominal sum without a clear basis upon which to justify a nominal award. It is our opinion that an award of $4,500 would be more likely to do substantial justice in this case, and the judgment will be amended accordingly. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958); Kennedy v. Item Co., Inc., 213 La. 347, 34 So.2d 886 (1948); Oakes v. Alexander, 135 So.2d 513, La.App.2d Cir. (1961); Meadors v. Alexander, 135 So.2d 518, La.App.2d Cir. (1961).
Having found that the defendant’s conduct toward plaintiff is unwarranted and tortious in nature, it follows as a matter of course that it must not be allowed to continue. The judgment insofar as it enjoins defendant from continuing acts of slander, libel, abuse, and harassment of plaintiff is amply justified.
For these reasons the judgment appealed from is amended to increase the award of damages to plaintiff from $1,500 to $4,500 and, as thus amended, and in all other respects, the judgment appealed from is affirmed at appellant’s cost.
Amended and affirmed.

. Appearing before this court in the name of Anna S. Burglass Dunker.